**Harold Wayne ARBUCKLE, Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Appellee.**

**No. 33–70.**

United States Court of Appeals, Tenth Circuit.

April 8, 1971.

Raymond G. Carey, Jr., Denver, Colo., for appellant.

Lauren N. Beasley, Chief Asst. Atty. Gen., Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., was on the brief), for appellee.

Before JONES,* BREITENSTEIN and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appeal is taken from denial of Federal habeas corpus relief sought under 28 U.S.C. § 2254 from a Utah forgery conviction on a guilty plea. State remedies were unsuccessfully exhausted before commencement of this suit. In essence appellant urges that the plea was invalid for three reasons: (1) that there was lack of an affirmative record showing that the plea was intelligent and voluntary, so that it is void under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; (2) that, under pre-*Boykin* standards, waiver of previously recognized constitutional rights (trial by jury confrontation, and the privilege against self-incrimination) could not be presumed and their intelligent and voluntary waiver was not shown; and (3) that, in any event, the plea was not voluntarily and intelligently entered but was made without understanding of its factual basis and as a result of improper plea bargaining, threats and coercion. After an evidentiary hearing at which appellant testified, and consideration of the State Court record when the plea was accepted, the trial court found against appellant and denied relief. 306 F.Supp. 825. We accept the trial court's views and its findings which the record amply supports, and affirm.

The State Court record showed that appellant appeared in August, 1968, with counsel for trial on the State forgery charge. Counsel moved to change the plea. He stated the nature of the charge and asked whether any promises or threats had been made for a change of plea, which appellant denied. He said the penalty was not less than one nor more than twenty years' imprisonment and that the court had discretion whether or not to make the sentence run concurrently with an earlier forgery sentence being served before release on parole. The State Court judge addressed appellant, referring to the forgery charge and the one to twenty year punishment it carried, and appellant said he understood the sentence when he entered the plea. Thereupon the one to twenty year sentence was imposed and made to run concurrently with the prior sentence.

In the evidentiary hearing this record was introduced and appellant testified. He said that neither the State Court nor his counsel mentioned the right to trial by jury, confrontation or his privilege

against self-incrimination. When asked about their explanation of the effect of a guilty plea on jury trial, appellant said they did not tell him he could have witnesses and be able to see them and have his lawyer cross-examine them, saying "I didn't understand that." He said he had been told he would be held until other charges were filed if he did not plead guilty and that he wanted to get an early hearing with the parole board. He told of the filing of two additional forgery charges and said this was to show him what they would do. He testified he had been told there was quite a number of forgery charges and a number of burglary charges to be filed if he did not plead guilty.

The hearing developed that appellant had been in preliminary hearings previously where witnesses appeared. He said he understood that if he did not plead guilty, there would possibly be hearings where the State would call its witnesses; that he had heard of jury trials from prison inmates; and that he had seen trial proceedings on television. He said he had been told not to refer to any deal about the dropping of charges, but that they had "lived up" to what they said and all charges were dismissed.

The trial court found that the plea was not coerced; that whatever bargain was reached was appropriate and observed by the State; that petitioner knew of his right to trial by jury and confrontation when the plea was entered; and that although he said counsel did not advise him about his right to remain silent, there was no proof whether appellant knew of his privilege against self-incrimination and that he had failed to sustain his burden of proof that he did not know of such right. The court found that he was aware of his rights and the nature and consequences of the

charge, and that the plea was a voluntary and intelligent waiver of his constitutional rights.

The weighing of appellant's testimony and his credibility were for the trial court, and its findings will not be disturbed unless clearly erroneous. Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir.), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470. We are satisfied that the record amply supports the findings and must consider appellant's contentions in the light of the facts thus found.

■ We turn first to appellant's argument under Boykin v. Alabama. The Supreme Court there held that: "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." 395 U.S. at 242, 89 S.Ct. at 1711. Appellant says his plea must be judged under the Boykin standard and that the State Court record is deficient. However, the Memorandum Opinion of the trial court reasoned that the record requirement of Boykin was a protective measure and that the decision was not retroactive so as to apply to appellant's 1968 plea. We have agreed with the trial court's view and have held that Boykin is not retroactive. Perry v. Crouse, 429 F.2d 1083, 1085 (10th Cir.). Thus, the State Court record on the acceptance of appellant's plea is not subject to the procedural standard of Boykin.

Secondly, appellant says the plea is bad even under pre-Boykin standards because constitutional guarantees made applicable to the States before the plea (trial by jury, confrontation and the privilege against self-incrimination) were not shown to have been intelligently and voluntarily waived by appellant.[1]

1. The Boykin opinion refers to these three constitutional rights which are waived by a plea of guilty, concluding that: "We cannot presume a waiver of these three important federal rights from a silent record." 395 U.S. at 243, 89 S.Ct. at

1712. The question whether Boykin now requires waiver of such rights on the record is not before us. However, for the reasons stated, aside from Boykin we do not believe that a showing of waiver of such rights is essential to a deter-

Reliance is primarily placed on Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, and similar cases dealing with the right to assistance of counsel. Waiver of that right may not be presumed and "[t]he record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." Carnley v. Cochran, supra at 516, 82 S.Ct. at 890. Likewise, says appellant, specific and knowing waiver of the three rights referred to was mandatory for his plea to be valid.

We cannot agree with appellant's deduction from the right to counsel cases. The right to counsel guarantee involves not only a right but a "jurisdictional prerequisite" to criminal prosecutions, unless properly waived. Johnson v. Zerbst, 304 U.S. 458, 467–468, 58 S.Ct. 1019, 82 L.Ed. 1461. We feel this is the underlying basis for the strict requirement of showing of a proper waiver of the right to counsel. See Carnley v. Cochran, supra, 369 U.S. at 515–516, 82 S.Ct. 884.[2] And we do not believe that a determination of this guilty plea's voluntariness depends on a detailed showing of waiver of the three rights stressed by appellant.[3] The trial court's determination of voluntariness covered the fundamentals of comprehension of the nature of the charge and consequences of the plea. See Miller v. Crouse, 346 F.2d 301, 306 (10th Cir.). We view the further proof relating to the several rights emphasized by appellant as part of the facts and circumstances to be considered in determining whether the plea was intelligently and voluntarily made, as the trial court did. And we agree with the trial court that the burden of proof rested on appellant on these points, as it

does generally on the issue of voluntariness of the plea. See Machibroda v. United States, 368 U.S. 487, 495, 82 S. Ct. 510, 7 L.Ed.2d 473; Miller v. Crouse, supra, 346 F.2d at 307; United States ex rel. Grays v. Rundle, 428 F.2d 1401, 1404 (3d Cir.).

As stated, the trial court found that appellant understood the fundamentals, the nature of the charge and consequences of the plea. Further it was found that he was aware of all his constitutional rights and voluntarily waived them. Specifically it was found that he knew of his rights of jury trial and confrontation and had failed to show that he did not know of his right to remain silent. On the record as a whole and in view of the findings we are satisfied that the plea is valid.

Third, appellant contends that the plea resulted from improper plea bargaining, threats and coercion. After consideration of appellant's testimony and the State Court record the trial court found to the contrary. The record amply supports the findings against appellant on the issue. Appellant also says the findings were in error in stating that counsel's interrogation established that there was a factual basis for the plea.[4] It is true that no response was sought or made by appellant following counsel's statement of the facts about the transaction involved. Nevertheless, among other things these facts had been stated in appellant's presence before he entered his plea of guilty. Even without this specific finding that a factual basis for the plea was established, the judgment is supported by the other findings showing that due process principles were observed.

Affirmed.

---

mination of the general voluntariness of a plea.

2. Moreover, the *Carnley* opinion at this point stresses that there was no guilty plea entered, which might raise a fact issue on waiver.

3. As noted above, we do not have the question whether *Boykin* may now call for

proof of waiver of such rights, as reasoned by In re Tahl, 1 Cal.3d 122, 81 Cal. Rptr. 577, 586, 460 P.2d 449, 458.

4. The requirement of Rule 11, F.R.Crim. P., that judgment not be entered on a plea of guilty unless the court is satisfied that there is a factual basis for the plea does not, of course, apply to State Court proceedings.