**F. Thomas FREEMAN, Petitioner-Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent-Appellee.**

**No. 555–69.**

United States Court of Appeals, Tenth Circuit.

May 27, 1971.

Paul B. Swartz, Denver, Colo., for appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen. of Oklahoma, with him on the brief), for appellee.

Before JONES,* BREITENSTEIN and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This appeal follows denial of Federal habeas corpus relief sought on the ground that three guilty pleas by appellant were invalid. In 1961 appellant pleaded guilty in the District Court of Choctaw County, Oklahoma, to three murder charges. He received sentences of life imprisonment on each plea. No appeal proceedings followed. In 1968 appellant commenced proceedings in the Oklahoma Court of Criminal Appeals for an out-of-time appeal or alternatively for habeas relief on grounds including those now asserted. The State Court denied all relief.

Thereafter, appellant commenced these proceedings in 1969 for Federal habeas relief. He stated that he had exhausted his State remedies, which is not denied, and that he raised Federal questions under the Sixth and Fourteenth Amendments. Specifically, he averred that he was unlawfully and prejudicially held in jail for four days before being arraigned; that he was denied a preliminary hearing; and that he was not indicted by a grand jury or advised of his constitutional rights thereto.

However, this appeal focuses on these further allegations:

"That at the time Petitioner appeared for plea and sentence, he was not advised by his counsel or the Court as to the nature of the offense for which he was charged, or of the consequence of his plea of Guilty nor did the Court make an inquiry into the nature and cause of the offenses charged, before sentence, or Res Gestae shown. Petitioner respectfully cites the case of Ex Parte Wilkerson,

* Of the Fifth Circuit, sitting by designation.

71 Okl.Cr. 31 [72 Okl.Cr. 301], 115 P.2d 923, (1941) wherein the court held "The reason for requiring that a waiver of preliminary examination be in writing is that the Oklahoma Court of Criminal Appeals has long held that it will indulge every reasonable presumption of fundamental constitutional rights and does not presume acquiescence in their loss.' "

To the Warden's response in the Federal District Court were attached copies of the informations in the State District Court charging the three murders, along with copies of the minutes of the proceedings when appellant appeared there with counsel and pleaded guilty. In essence the minutes each state that the defendant appeared with counsel, heard reading of the information, waived further time to plead, pleaded guilty and was sentenced to life imprisonment on recommendation of the County Attorney.[1] The response concluded that appellant's allegations raised no Federal constitutional question.

Appellant's reply filed in the Federal District Court alleged briefly the circumstances of the gun fight producing the charges and stated the "corpus delicti" has never been established and that the State District Court lacked jurisdiction to accept petitioner's guilty plea. The reply asserted that an evidentiary hearing was required and made general allegations of entitlement to habeas relief, but averred no new grounds therefor.

The Federal District Court examined the file and concluded that relief should be denied without a hearing. The Order entered reviewed the four grounds for relief and stated that the delay of four days between arrest and arraignment does not pose a denial of constitutional rights;[2] that denial of a preliminary hearing or unadvised waiver thereof is foreclosed as a ground for relief by the subsequent guilty plea;[3] and that lack of grand jury indictment or advice of any constitutional right thereto are not grounds for Federal constitutional right thereto.[4]

In connection with the issues raised on this appeal the District Court's Order stated that while the minutes of the arraignment do not specifically state that the defendant was advised of the nature of the charge and consequences of the pleas, they show that the informations were read, and the Court concluded that the informations were sufficient to advise one of ordinary intelligence of the nature of the offense. The Court further reasoned that it was incredible that a person of ordinary intelligence would not know that the punishment for murder may be death or life imprisonment. It was pointed out that the defendant was represented by an able and conscientious

---

1. Except for the references to case numbers, the minutes in each of the three cases were identical. In the first case the minutes read in pertinent part:

"Defendant present in Court on arraignment and represented by counsel James Bounds, hears reading of the Information, states his true name is Frederick Thomas Freeman, waives further time in which to plead, enters his plea of Guilty to charge of Murder; on recommendation of the County Attorney is sentenced by the Court to serve a period of time for and during his natural life in the state penitentiary at McAlester, Oklahoma."

The body of the minutes in the other cases read the same except for an additional provision inserted in each stating that those sentences were to run concurrently with that in the first case.

2. We note also that there was no averment that any statements were taken or used to prejudice appellant in any respect, so that the allegations furnish no ground for relief. See Escobedo v. Illinois, 378 U.S. 478, 491, 84 S.Ct. 1758, 12 L.Ed.2d 977; Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694; and Davenport v. United States, 274 F. Supp. 944, 952 (C.D.Cal.).

3. Such a jurisdictional defect is waived by the guilty plea. Acuna v. Baker, 418 F.2d 639 (10th Cir.).

4. No Federal constitutional foundation exists for the right to indictment by grand jury in State criminal proceedings. Hurtado v. California, 110 U.S. 516, 538, 4 S.Ct. 111, 28 L.Ed. 232.

advocate, and that it was unthinkable that he would not have fully advised the defendant of his rights and the consequences of a plea. From this review of the record and for these reasons, the Court concluded that relief should be denied without a hearing.

In support of this appeal appellant argues: (1) that acceptance of defendant's plea of guilty, absent an affirmative showing that it was entered voluntarily and with understanding of the nature of the charge and consequences of the plea, constituted a denial of Federal due process, relying primarily on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; (2) that the principles of *Boykin* should be applied retroactively to afford relief here; and (3) that even under pre-*Boykin* decisions the proceedings at the arraignment were defective and the pleas invalid. We cannot agree.

■ Appellant correctly points to *Boykin* as holding that "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." 395 U.S. at 242, 89 S.Ct. at 1711. And we agree that the State Court record involved here did not comply with the *Boykin* principles, if they applied. However, we have considered the serious question of the retroactivity of the constitutional rule of precedure announced in *Boykin* and have concluded that it should not be applied retroactively. Perry v. Crouse, 429 F.2d 1083, 1085; Arbuckle v. Turner, 440 F.2d 586 (10th Cir.). For the reasons stated in Perry v. Crouse, we remain convinced that *Boykin* should not apply retroactively. Accordingly, the procedural rule of the *Boykin* case affords no ground for relief to appellant.

■ Appellant argues, however, that under pre-*Boykin* decisions dealing with waiver of constitutional rights he is in any event entitled to habeas relief, relying on Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and

Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. The contention is that such decisions required a record showing a waiver of fundamental constitutional rights. And appellant stresses the fact that the plea waives three fundamental constitutional rights emphasized in *Boykin*—trial by jury, confrontation and the privilege against self-incrimination. We have rejected these contentions recently in Arbuckle v. Turner, supra. In considering the validity of pre-*Boykin* pleas we concluded that a determination of the voluntariness of a guilty plea does not depend on a detailed showing of waiver of the three rights stressed by appellant. We remain convinced that the argument is untenable.

■ We have considered in detail all the allegations of appellant in the record, as well as his argument and brief on appeal. While he now argues alternatively for an evidentiary hearing on the circumstances surrounding the acceptance of the pleas, his petition was directed only against the proceedings at the time of the State Court arraignment and sentence. It was thus grounded only on a claim of error in that procedure. Appellant's verified allegations made no statement that his pleas were in fact not intelligently and voluntarily made, and no claim was asserted that he did not know the nature of the charges and consequences of the pleas. Habeas relief may be sought by a petitioner shouldering the burden of proving that his plea was not voluntarily and intelligently made. See Machibroda v. United ed States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473; Miller v. Crouse, 346 F.2d 301, 307 (10th Cir.); and United States ex rel. Grays v. Rundle, 428 F.2d 1401, 1404 (3d Cir.). Where a petitioner makes such allegations he may be entitled to an evidentiary hearing as in the *Machibroda* case. See also Perry v. Crouse, supra, 429 F.2d at 1084–1085; and Jenkins v. United States, 420 F.2d 433 (10th Cir.). Nevertheless, on the record before the District Court no such case was presented. Appellant's com-

**497**

plaint was directed only at alleged deficiencies in the procedure at arraignment, so that relief was properly denied without a hearing.[5]

Appellant further argues that the State District Court did not make any inquiry as to the underlying facts of the offenses charged. Appellant's allegations, quoted above, do assert the substance of this contention. In essence, he asks that we apply to the State proceedings the provision of Rule 11, F.R.Crim. P., as amended in 1966, that the Court determine that there is a factual basis for the plea before entering judgment on it. This Federal procedural provision is not binding on the State Courts, Arbuckle v. Turner, supra, and there is no constitutional mandate for it.

Affirmed.

5. We rest our decision on the fact that appellant's petition was insufficient to state grounds for habeas relief by its challenge to the proceedings at the time of arraignment, instead of on the view the District Court expressed that the record affirmatively shows that appellant knew and understood the charges and consequences of the pleas.