Troy M. STINSON, Plaintiff-Appellant,

v.

John W. TURNER, Warden, Utah State
Prison, Defendant-Appellee.

No. 71–1556.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 14, 1972.

Decided Feb. 27, 1973.

914

Donald K. Bain, Denver, Colo., for plaintiff-appellant.

Grant S. Kesler, Asst. Atty. Gen. of Utah (Vernon B. Romney, Atty. Gen. of Utah, on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

HOLLOWAY, Circuit Judge.

This appeal follows the denial of federal habeas relief in the District of Utah. Appellant Stinson seeks to set aside a conviction for grand larceny in the Utah State courts primarily on the ground that the record fails to show that his guilty plea was intelligently and voluntarily made.

Relying principally on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, he argues that the State Court arraignment record reveals an invalid plea in that (1) the record fails to show affirmatively that appellant intelligently and voluntarily waived his constitutional privilege against self-incrimination; (2) the record fails to show affirmatively that appellant was advised and understood that he was pleading guilty to a felony, or that he was pleading guilty to grand larceny; and (3) the record fails to show affirmatively that appellant was advised and understood that on pleading guilty he might be fined up to $1000, as well as imprisoned.

We conclude, however, that the record shows a valid plea and affirm.

The procedural background is as follows. In December, 1969, a criminal complaint was filed against appellant in the City Court in Salt Lake City charging him with grand larceny of foodstuffs at Smith's Food King store. When he appeared on the charge the public defender's office was appointed to represent him and counsel from that office entered his appearance. In March, 1970, a preliminary hearing was held and appellant was ordered bound over to the State District Court for trial and an information was filed against him in that court, charging grand larceny. He plead not guilty.

Before the case came up for trial in June appellant was charged with additional offenses of second degree burglary and grand larceny which arose out of unrelated circumstances. He was arraigned on those charges in the same court in June, 1970, on the day the original grand larceny charge was set for trial. Not guilty pleas were also entered as to both of the new charges.

That same day appellant and his appointed counsel appeared later for the trial of the original grand larceny charge. Instead of proceeding to trial, appellant withdrew his not guilty plea and plead guilty. A plea bargain had been made and the State had agreed to dismiss the later two charges after sentencing on the guilty plea. Discussions on the record occurred, as detailed below, and the Court accepted the plea.

Two weeks later appellant appeared with counsel for sentencing. He asked leave, however, to withdraw the earlier guilty plea, asserting that he had not understood he was pleading guilty to a felony. His counsel was not in agreement with this move. The Court denied the request to withdraw the plea and imposed an indeterminate sentence of one to ten years, without a fine. The State dismissed the remaining charges.

Subsequently appellant sought habeas relief in the Utah District Court. An

evidentiary hearing was held by that Court at which appellant and his former counsel testified. The Court found that the guilty plea was knowingly and intelligently made and denied relief. A habeas proceeding was also prosecuted before the Utah Supreme Court where relief was again denied.

Appellant then commenced this federal habeas suit. The federal district court ordered that the State arraignment and sentencing transcripts, as well as the transcript of the State post-conviction hearing, be furnished to appellant. The Court denied a motion for appointment of counsel. After examining these records, the State Court findings and a letter submitted by appellant, the federal trial court found the plea voluntary and denied relief.

First appellant argues that the record fails to show affirmatively that he intelligently and voluntarily waived his privilege against self-incrimination. He says that this defect makes the plea invalid under due process requirements staked out by Boykin v. Alabama.

This 1970 plea came after *Boykin* was decided and its constitutional principles apply here. Under them the inadequacy of the arraignment record alone may justify relief from a guilty plea. See Perry v. Crouse, 429 F.2d 1083, 1084 (10th Cir.). Here that record shows no reference to appellant's privilege against self-incrimination and no express waiver of it by him. We must decide whether due process principles since *Boykin* require an express waiver of the privilege against self-incrimination on the record when a guilty plea is accepted.

The *Boykin* opinion shows that the trial judge there asked no questions of the defendant concerning his plea and that the defendant did not address the court. There was no record showing as to why trial strategy may have made the plea of guilty the desirable course. The court held that " . . . [i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." 395 U.S. at 242, 89 S.Ct. at 1711.

Appellant's reliance is primarily placed on the following portion of the *Boykin* opinion:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record." 395 U.S. at 243, 89 S.Ct. at 1712.

We cannot agree with appellant's contentions grounded on *Boykin* and due process principles. In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, the Court stated that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." Id. at 747–748, n. 4, 90 S.Ct. at 1468. We feel that *Boykin* imposed only that requirement of an affirmative record showing of a voluntary and intelligent plea. The remainder of the opinion does expressly discuss the three enumerated constitutional rights. We feel, however, that these rights were set out to demonstrate the gravity of the trial court's responsibility, but that no procedural requirement was imposed that they be enumerated. The main purpose is " . . . to make sure [the accused] has full understanding of what the plea connotes and of its consequence." 395 U.S. at 244, 89 S.Ct. at 1712.

The Supreme Court of California has interpreted *Boykin* as appellant urges. See In re Tahl, 1 Cal.3d 122, 81 Cal. Rptr. 577, 460 P.2d 449, 455–456,[1] cert. denied, 398 U.S. 911, 90 S.Ct. 1708, 26 L.Ed.2d 72. However, as we have said, we do not believe that *Boykin* requires the enumeration of rights and the multiple waivers contended for by appellant. Instead we agree with the Fourth and Fifth Circuits that such detailed waivers on the record are not required by *Boykin*. See Wade v. Coiner, 468 F.2d 1059, 1061 (4th Cir.); United States v. Frontero, 452 F.2d 406, 415 (5th Cir.). And, aside from the new *Boykin* requirement, we have held earlier that determination of a guilty plea's voluntariness does not depend on a detailed showing of waiver of the three rights stressed by appellant. Freeman v. Page, 443 F.2d 493, 496 (10th Cir.), cert. denied 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554; Arbuckle v. Turner, 440 F.2d 586, 589 (10th Cir.).

■ Thus, we are persuaded that the issue is instead whether the record affirmatively shows that the guilty plea was intelligent and voluntary. This record reveals that appellant was specifically questioned as to his awareness of the right to trial by jury and to confront and cross-examine witnesses. He was informed that the State would have to prove all the elements of the crime charged. He was asked if he understood that the plea would admit the stealing of personal property of a value in excess of $50 from Smith's Food King store, and he replied affirmatively. And he said he understood that he could be sentenced to imprisonment from one to ten years. Appellant said that there were no threats or promises made to obtain his plea.[2] He was 37 years old. We are satisfied that the record demonstrates satisfaction of the *Boykin* requirement of an affirmative showing that the plea was intelligent and voluntary.

■ Second, appellant says the record does not affirmatively show that he was advised and understood that he was pleading guilty to a felony, nor that he was pleading guilty to grand larceny. He points out that two weeks after his plea of guilty he sought to withdraw the plea because he did not know he was pleading guilty to a felony. At the State post-conviction hearing appellant said he understood from his attorney that he would plead guilty to a misdemeanor only, the food value being treated as less than $50.

The record of proceedings when the guilty plea was entered shows no confusion. Appellant's attorney asked whether he understood that by pleading guilty he would admit that he stole personal property having a value in excess of $50 from Smith's Food King store. He answered, "Yes." He was asked whether he understood that by pleading guilty he would be subjecting himself to a term of imprisonment in the state penitentiary of from one to ten years. He answered "Yes," again. He said he understood the questions and that no threats or promises had been made to obtain the plea. Appellant then personally answered that he plead "guilty."

We feel the record meets the constitutional standards. The nature of the charge was explained in plain terms for a layman to understand. The potential imprisonment was spelled out clearly. The findings that the plea was intelligently and knowingly made are amply supported.

■ Appellant says the record shows he was not told he was pleading guilty to a felony, and that he did not understand he was pleading guilty to such a

1. We note that Michigan also requires the express waiver of the privilege against self-incrimination before a guilty plea may be accepted by the court. However, this decision was based on an interpretation of the Michigan statutes. See People v. Butler, 387 Mich. 1, 195 N.W.2d 268; M.C.L.A. § 768–35.

2. The court was advised before sentencing of the plea bargaining.

charge. The legal term is not controlling. He was questioned about the specifics of the offense by reference to the facts. He also argues that the consequences of a felony conviction such as loss of the right to vote, to hold office, and possible future prosecution as an habitual criminal were thus not realized. We feel these are collateral and not direct consequences of the plea which are of concern. See Brady v. United States, supra, 397 U.S. at 755, 90 S.Ct. 1463, 25 L.Ed.2d 747; United States v. Cariola, 323 F.2d 180, 186 (3d Cir.). The maximum sentence was clearly spelled out and this was sufficient. See Arbuckle v. Turner, supra, 440 F.2d at 587, 589.

█ Third, appellant argues that the record fails to show affirmatively that he was advised and understood that he might be fined up to $1000, as well as imprisoned.

The arraignment record shows no reference to the possibility of a fine. The punishment for grand larceny was imprisonment for a term not less than one year nor more than ten years, and a fine not less than $50 nor more than $1000, or imprisonment alone. Utah Code Ann. § 76-38-6 (1953). An indeterminate sentence of one to ten years was prescribed, unless imposition or execution of sentence was suspended. See Utah Code Ann. § 77-35-20 (1971 Supp.); § 77-35-17 (1953).

Under the circumstances before us we cannot agree with appellant's contention. The sentencing judge and parties were all aware that appellant was an indigent with appointed counsel. As a practical matter the imposition of a fine was not a real possibility for the sentencing court.[3] It is the practical range of punishment which must be brought out. See United States v. Bronson, 449 F.2d

302, 306 (10th Cir.), cert. denied, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463; Jenkins v. United States, 420 F.2d 433, 437 (10th Cir.). We are satisfied the appellant was advised of the practical consequences of the plea.

█ Lastly we note some further points presented by appellant. He has argued that the State District Court mistakenly and unconstitutionally refused to permit him to withdraw his plea of guilty. We doubt that the charge amounts to a federal constitutional claim cognizable in this habeas suit. See Hickock v. Crouse, 334 F.2d 95, 100 (10th Cir.); Dorton v. United States, 447 F.2d 401, 411 (10th Cir.). Appellant had made a recent and clear statement before the sentencing judge that he understood the charge and the maximum punishment. In addition the judge was advised of the plea bargain. In any event, the refusal to permit the plea to be withdrawn was not an abuse of the discretion conferred on the Court by Utah Code Ann. § 77-24-3 (1953).

█ Appellant has also charged there was collusion, coercion and ineffectiveness of counsel. He testified his attorney told him the Smith's Food King charge was to be reduced to a misdemeanor; that he understood he would only plead guilty to a misdemeanor, not a felony; and that the burglary case would be dismissed. However, his defense attorney testified there had been only a tentative agreement to plead guilty to the lesser offense of petit larceny, but that this never came to pass since the attorney learned of the other charges. He said it was possible he had mentioned that agreement to appellant. He recalled no agreement that appellant ". . . would plead guilty to both Grand Larceny and a misdemeanor, Pet-

3. Under Utah Code Ann. § 76-38-6 (1953) and the indeterminate sentencing statute, the court could have imposed a sentence of imprisonment of one to ten years, and if such a sentence was imposed, the court could have also imposed a fine of $50 to $1000. Where such a sentence for imprisonment and a fine was imposed, Utah law permitted enforcement of the fine by execution alone. See Utah Code Ann. § 77-35-15 (1953); Roberts v. Howells, 22 Utah 389, 62 P. 892 (Utah, 1900). In view of this rule and appellant's indigency, we feel the court would not have considered the addition of a fine as a practical matter.

ty Larceny, charge, with a dismissal of a Burglary charge . . . " At the sentencing when appellant sought to withdraw his plea of guilty, this attorney had advised the court that appellant's request was against his advice. And as to the charge of grand larceny to which appellant had plead guilty, he advised the court that it was his judgment that the State would be able to sustain its burden.

These matters were presented at the State Court habeas hearing, but the Court found the plea was made pursuant to the requirements of *Boykin* and knowingly and intelligently made and valid. The federal trial court also rejected the claims by its acceptance of the State Court findings. The findings are amply supported by the record of the State Court proceedings. Moreover counsel met the standards required of him. See McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763. And the finding upholding the plea as valid in the circumstances of the plea bargain is likewise supported by the record as a whole. See Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427.

Affirmed.