The State of Ohio, Appellee, *v.* Ricks, Appellant.

(No. 34807—Decided May 6, 1976.)

Mr. *John T. Corrigan,* prosecuting attorney, for appellee.

Mr. *Christ Boukis,* for appellant.

Krenzler, J. On January 16, 1973, the defendant-appellant, hereinafter referred to as the appellant, was in-

dicted for armed robbery in violation of R. C. 2901.13 and for intentional shooting in violation of R. C. 2901.23. The appellant plead not guilty to these charges and a trial was held before a jury commencing on September 10, 1973. The jury returned a verdict of not guilty as to the charge of intentional shooting under R. C. 2901.23 but was unable to agree upon a verdict as to the charge of armed robbery in violation of R. C. 2901.13. The trial court found that the appellant had not been placed in jeopardy as to the armed robbery charge and ordered a new trial on that offense.

On October 16, 1973, the appellant, represented by counsel, appeared before the court and withdrew his previous plea of not guilty of armed robbery and entered a plea of guilty of the lesser included offense of robbery in violation of R. C. 2901.12. The trial court accepted the guilty plea. The appellant was subsequently placed on probation for five years on the condition that he serve one year in the Cleveland House of Correction. The appellant appeals from this sentence and judgment and assigns two errors for this court's consideration:

"I. Procedural standards surrounding a plea of guilty in state courts must adhere to the elements of due process dictated by the United States Constitution, (1) that here [sic] is a substantial factual basis for a finding of guilty and (2) that the accused pleads voluntarily. Where, as in the case at bar, the record is silent as to whether the court which accepted the plea of guilty conducted a searching inquiry as to the guilt of the accused, the minimum constitutional standards of due process have not been met and any conviction based on said guilty plea is void.

"II. Procedural standards surrounding a plea of guilty in state courts must adhere to the elements of due process dictated by the United States Constitution, (1) that there is a substantial factual basis for a finding of guilty and (2) that the accused pleads voluntarily. Where, as in the case at bar, the record is silent and does not disclose that the accused voluntarily and understandingly entered his

plea of guilty, the minimum constitutional safeguards of due process have not been met and any conviction based on said guilty plea is void."

As the foregoing assignments of error indicate, this appeal involves the validity of a guilty plea. We have dealt with this subject many times in the past. See, for example, *State* v. *Buchanan* (1974), 43 Ohio App. 2d 93; motion to certify the record overruled by the Ohio Supreme Court on April 17, 1975.

A defendant in a criminal case is guaranteed certain constitutional rights which he may invoke or choose to waive and which are contained in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. These rights include the privilege against self-incrimination, the right to trial by jury, the right to assistance of counsel, the right to confront witnesses against him, the right to be informed of the nature and cause of the accusation, the right to compulsory process for obtaining witnesses in his favor, and the right to have the state prove his guilt beyond a reasonable doubt.[1]

For a waiver of constitutional rights to be valid under the due process clause there must be an intentional relinquishment or abandonment of a known right or privilege. The waiver must be voluntarily, intelligently and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise, the plea is in violation of due process and is therefore void. The court has a duty to advise the defendant of his constitutional rights and must make sure that he waives his constitutional rights before it accepts the plea of guilty. *Boykin* v. *Alabama* (1969), 395 U. S. 238; *McCarthy* v. *United States* (1969), 394 U. S. 459; *Carnley* v. *Cochran* (1962), 369 U. S. 506; *Johnson* v. *Zerbst* (1938), 304 U. S. 458; *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79.

Criminal Rule 11, which incorporates all of a defend-

---

[1]The requirement that the state prove a defendant guilty beyond a reasonable doubt is mandated by the due process clause of the United States Constitution. See *In re Winship* (1970), 397 U. S. 358.

ant's constitutional rights as stated above, sets forth the procedure which must be followed when a guilty plea is accepted. In order for a plea of guilty to be valid in a felony case all of the procedural requirements of Criminal Rule 11 must be scrupulously adhered to; otherwise, the guilty plea is void. *State* v. *Griffey* (1973), 35 Ohio St. 2d 101, 111; *State* v. *Buchanan, supra.*

Turning to the assignments of error in this case, we will first decide whether a trial court must determine if there is a substantial factual basis for a finding of guilty before it accepts a guilty plea from a defendant. The answer is no. The requirement that a defendant must knowingly, voluntarily and intelligently waive the foregoing constitutional rights before a trial court may accept such guilty plea does not require that the trial court make a determination that there is a factual basis for the plea of guilty.[2] Thus the Constitution does not require that a factual basis be shown before a guilty plea can be accepted.[3]

Although Rule 11 of the Federal Rules of Criminal Procedure requires that there be a factual basis before a trial court may accept a guilty plea, Ohio Criminal Rule 11 does not contain such a requirement. It is noted that the requirements of Fed. R. Crim. P. 11 are only applicable in federal court proceedings. They do not apply in state court proceedings.[4] Therefore, it is not necessary for a state trial court to make a factual determination before accepting a guilty plea under Ohio Criminal Rule 11.

In order to determine whether the appellant's guilty plea is valid in this case it is necessary to study both the

---

[2]*Freeman* v. *Page* (C. A. 10, 1971), 443 F. 2d 493; *Arbuckle* v. *Turner* (C. A. 10, 1971), 440 F. 2d 586.

[3]If a defendant makes a guilty plea coupled with a claim of innocence, the due process clause of the Constitution may require the court to determine whether there is a factual basis for the plea. See *North Carolina* v. *Alford* (1970), 400 U. S. 25, 38 n. 10. However, this situation is not before us in the instant case.

[4]*Scranton* v. *Whealon* (C. A. 6, 1975), 514 F. 2d 99; *Wade* v. *Coiner* (C. A. 4, 1972), 468 F. 2d 1059; *Lawrence* v. *Russell* (C. A. 6, 1970), 480 F. 2d 718.

relevant portions of Criminal Rule 11 and the transcript of testimony taken at the time the guilty plea was entered.

Criminal Rule 11 provides, in pertinent part:

"(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:

"(1) The plea of guilty is a complete admission of the defendant's guilt. * * *

"(C) Pleas of guilty and no contest in felony cases.

"(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witness in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

The transcript of testimony taken at the time the appellant entered his plea of guilty is as follows:

"Mr. Hudson: Your Honor, before the Court is CR-6920, the state of Ohio against Charles E. Ricks. Mr. Ricks originally was charged under indictments for os ir [sic]

presently charged under an indictment, your Honor, for armed robbery, which carries with it a possible sentence of 10 to 25 years.

"I have had a conversation with Mr. Ricks' attorney, Mr. Walsh, and he has indicated to me that Mr. Ricks at this time wishes to withdraw his formerly entered plea of not guilty to the charge of armed robbery and enter a plea of guilty to the lesser and included offense of unarmed robbery, which carries with it a possible penalty of 1 to 25 years.

"I have consulted with my superior, Mr. John T. Corrigan, your Honor, and he has indicated to me, that if such a plea is forthcoming, the state of Ohio would recommend and request that this Court would accept such a plea, your Honor.

"The Court: Mr. Walsh?

"Mr. Walsh: May it please the Court—

"The Court: Has your client said he is willing to plead to this?

"Mr. Walsh: Yes, he has, your Honor.

"The Court: Stand up, Ricsk. [Sic] Are you making the plea vountarily and do you understand it would be unarmed instead of armed, and it would carry the penalty of 1 to 25. And that when you plead guilty, I can proceed with judgment and sentence, do you understand all that?

"Mr. Walsh: Yes, he does, your Honor.

"The Court: And if you plead guilty, then you lose your right of trial by jury and lose your right to be confronted by the witnesses. You admit that you did it. Now, do you want to plead guilty?

"Mr. Ricks: Yes, sir, your Honor.

"The Court: I accept your plea of guilty. And this Court will refer you to the Cuyahoga County Probation Department for presentence investigation. Now, then, the Court will inform you right now, that unless something turns up there that I cannot see, that I will probate you, but require that part of the probation, you have to spend a year at the workhouse. So you understand all this. And

you will stay in jail until the probation report is ready, then we will bring you back.

"Mr. Walsh: Thank you, your Honor."

After reviewing both Criminal Rule 11 and the above verbatim transcript of testimony, we conclude that the requirements of Criminal Rule II were not satisfied.

The trial court did not inform the appellant and determine that he understood that he was waiving his right to have compulsory process for obtaining witnesses in his favor, and his right to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself, as required by Criminal Rule 11(C)(2)(c).

The appellant's assignments of error, to the extent that they claim that there must be a factual basis before the trial court accepts the plea of guilty, are not well taken. However, because the trial court did not comply with Criminal Rule 11, the guilty plea is not valid and the assignments of error in this regard are well taken.

The judgment of conviction and sentence rendered by the trial court is therefore reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed and cause remanded.*

DAY, P. J., and CORRIGAN, J., concur.