13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Wolfgang BAILLIE, Petitioner,
v.
Lou HESSE, Superintendent, C.C.F; Gale A. NORTON, Attorney
General of the State of Colorado, Respondents.
 No. 93-1074.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 The issue in this case is whether a guilty plea entered by petitioner in a 1977 theft prosecution was made knowingly and voluntarily. Because we agree with the district court that petitioner's brief colloquy with the court at the plea hearing was insufficient to constitute a claim of innocence, we affirm.
 
 
 4
 Petitioner is before this court following the district court's denial of his petition for habeas corpus relief filed under 28 U.S.C. 2254. Petitioner is serving four concurrent life sentences after being convicted in 1984 of second degree kidnapping, second degree burglary, first degree sexual assault, and third degree sexual assault. Three prior felony convictions were used to enhance his sentence. Petitioner requests habeas relief because he maintains that one of those felonies rested on a constitutionally infirm guilty plea and should have had no role in determining his present sentence.
 
 
 5
 A United States magistrate judge agreed with petitioner that the plea was constitutionally defective and recommended the petition for habeas corpus be granted. Appellant's Opening Br., Ex. B at 8. The district court disagreed and denied the petition. Id., Ex. C at 13. This appeal followed.[2]
 
 
 6
 The contested plea occurred on April 4, 1977, when petitioner pled guilty in state court to a felony charge of theft. In response to the questions propounded by the sentencing judge, petitioner stated he understood the charges against him, he was aware of the possible maximum sentence, he understood the rights he was waiving, and he was not threatened or otherwise coerced into pleading guilty. The basis for petitioner's challenge to the constitutionality of the plea is the following exchange:
 
 
 7
 COURT: ... before I will accept a guilty plea I want to hear from you what you think you did that makes you guilty? What you did that makes you guilty.
 
 
 8
 THE DEFENDANT: Well, my knowing that the car was stolen. I drove it from Colorado Springs to San Diego, California, and outside of San Diego, Imperial, California, I was intercepted by the California State Highway--
 
 
 9
 THE COURT:--Did you steal the car?
 
 
 10
 THE DEFENDANT: No, I didn't.
 
 
 11
 MR. QUICKSALL [DEFENSE COUNSEL]: Sorry,--
 
 
 12
 THE DEFENDANT:--Yes, I did take the car.
 
 
 13
 THE COURT: Knowing all I have advised you, Mr. Baillie, do you still desire to enter a plea of guilty to Count One?
 
 
 14
 THE DEFENDANT: Yes, I do, Your Honor.
 
 
 15
 Id., Ex. A at 4-5.
 
 
 16
 An individual may enter a constitutionally adequate guilty plea, one made knowingly and voluntarily, even while proclaiming actual innocence. North Carolina v. Alford, 400 U.S. 25, 37 (1970). In those instances, however, the record must contain "strong evidence of actual guilt." Id. To establish the factual basis for a guilty plea under these circumstances, the judge taking the plea must inquire into and seek "to resolve the conflict between the waiver of trial and the claim of innocence." Id. at 38 n.10.[3] Petitioner argues that the above quoted colloquy was a proclamation of innocence triggering a duty on the part of the sentencing court to expressly ascertain the factual basis for his plea. Because the court arguably failed to establish this factual basis, petitioner contends his plea was unconstitutional. We disagree.
 
 
 17
 As discussed above, the need for a state sentencing court to inquire into the facts underlying a guilty plea is necessary when a petitioner actually claims innocence. See Alford, 400 U.S. at 37-38 & n.10; see also Willett v. Georgia, 608 F.2d 538, 540 (5th Cir.1979). We do not interpret petitioner's brief statement, which he immediately retracted, as sufficient to constitute a claim of innocence. The plea, therefore, was not constitutionally infirm for lack of factual inquiry by the state sentencing court.
 
 
 18
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The district court was fully empowered to disregard the recommendation of the magistrate judge. A magistrate judge "acts 'under the supervision of the district judges' when he accepts a referral, and [the] authority for making final decisions remains at all times with the district judge." Mathews v. Weber, 423 U.S. 261, 270 (1976)(quoting S.Rep. No. 371, 90th Cong., 1st Sess. 12 (1967))
 
 
 [3]
 Federal trial court judges are always required to ascertain the factual basis supporting a guilty plea. Fed.R.Crim.P. 11(f). Absent special circumstances, the Constitution does not impose a similar duty upon a state court. Freeman v. Page, 443 F.2d 493, 497 (10th Cir.), cert. denied, 404 U.S. 1001 (1971)