

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2004

# Layne v. Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Layne v. Moore" (2004). *2004 Decisions.* Paper 1084.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1084

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1921
_____

RONNY LAYNE,

Appellant

v.

TERRANCE MOORE;
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 00-cv-03524
District Judge: Honorable Joel A. Pisano
_____

Argued: December 16, 2003

Before: ROTH, McKEE, and ROSENN, Circuit Judges

(Filed: January 21, 2004)

Theodore Sliwinski (Argued)
45 River Road East
Brunswick, NJ 08816
        *Counsel for Appellant*

Carol L. Tang (Argued)
Office of County Prosecutor Burlington County
49 Rancocas Road
P.O. Box 6000
Mount Holly, NJ 08060
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

The petitioner, Ronald Layne, appeals from the District Court's denial of his

petition for a writ of habeas corpus relief. Layne pled guilty to felony murder before the New Jersey Superior Court pursuant to a plea bargain agreement in 1983. The court conducted a plea colloquy which satisfied the court that Layne made the guilty plea knowingly and voluntarily. The court, however, did not advise Layne of the constitutional rights to which he would be entitled if he stood trial, such as the right to be tried by a jury, the right to confront his accusers, and the right not to incriminate himself. The court sentenced Layne in 1984 to life imprisonment with a 30-year period of parole ineligibility.

After exhausting his remedies within the state system, Layne brought the underlying federal habeas corpus action on the ground that he did not make his guilty plea knowingly or voluntarily, that he was entitled to a withdrawal of his guilty plea because of mental incompetence, and that his counsel was constitutionally ineffective. The United States District Court for the District of New Jersey, Pisano, J., denied his habeas petition. We affirm.

I.

The following facts are undisputed. On November 21, 1983, Layne commenced a drive from New York to Maryland to receive his army discharge. His vehicle broke down in New Jersey. He met Eric Beitia, the victim of his crime, at a nearby automobile service center. After striking up a conversation with Beitia, and discovering that they both came from Panama and spoke the same language, Beitia agreed to give Layne a ride. During the ride, Layne drew a gun and ordered Beitia to stop with the intent to rob him of the vehicle. He bound Beitia, pointed the gun at him, and ordered him to exit the vehicle. According to Layne, Beitia made a sudden move while exiting the vehicle, which alarmed Layne. Layne then shot Beitia in the back of his head. He dumped Beitia's body from

2

the vehicle and returned to New York with Beitia's vehicle. Beitia died six days later as a result of the wound.

Layne signed a waiver of indictment and, under an accusation, was charged with attempted murder, aggravated assault, and felony murder. Pursuant to a plea bargain agreement, Layne pled guilty to felony murder. The New Jersey Superior Court, Kramer, J., conducted a plea colloquy on December 22, 1983, at which Layne was represented by counsel. After detailed questioning, the Court was satisfied that Layne made the guilty

plea knowingly and voluntarily.[1]  The court, however, did not advise

[1] The transcript of the relevant parts of the plea colloquy conducted by Judge Kramer of the New Jersey Superior Court runs as follows:

| THE COURT | Thank you, all right, Layne, Accusation 876-12-8 charges you with murder.  More specifically the single count recites that on November 21st, 1983, in the Township of Mansfield in Burlington County, you during the attempted commission of a robbery caused the death of Eric Beitia who died on November 27th, 1983.  Do you understand that this is the charge that we are talking about? |
|---|---|
| DEFENDANT | Yes, sir. |
| THE COURT | Do you understand that Mr. Kuroishi [Layne's attorney] is telling me that you wish to enter a plea of guilty to that charge? |
| DEFENDANT | Yes, sir. |
| THE COURT | Is anyone forcing you to do this? |
| DEFENDANT | No, sir. |
| THE COURT | In addition to what the Prosecutor and Mr. Kuroishi have just said now, has anybody else promised you any deals for pleading guilty? |
| DEFENDANT | No, sir. |
| THE COURT | You realize the maximum sentence that could be imposed for this type of crime is life imprisonment plus no parole eligibility for 30 years? |
| DEFENDANT | Yes, sir. |
| THE COURT | Do you understand that that is the recommendation that the Prosecutor and Mr. Kuroishi is making? |
| DEFENDANT | Yes, sir. |
| THE COURT | All right, Are you guilty of this felony murder? |
| DEFENDANT | Yes, sir. |

Sra 210-11.

| THE COURT | All right.  Mr. Kuroishi has handed me this LR-28 legal form which appears to contain your signature as well as his.  Is this your signature? |
|---|---|
| DEFENDANT | Yes, sir. |
| THE COURT | And was Mr. Kuroishi present when you signed it? |
| DEFENDANT | Yes, sir. |
| THE COURT | All right.  Have you ever been in any sort of mental institution? |
| DEFENDANT | No, sir. |
| THE COURT | Ever been in a hospital for treatment? |
| DEFENDANT | No, sir. |
| THE COURT | How long had you been in the army? |
| DEFENDANT | Two years and a half, sir. |
| THE COURT | All right.  I am satisfied that this is voluntary.  I will grant the defense motion for the entry of a plea of guilty to the Accusation. |

him of the constitutional rights to which he would be entitled, such as the right to be tried by a jury, the right to confront his accusers, and the right not to incriminate himself.

On the day before he was sentenced, May 2, 1984, however, Layne filed a pro se motion seeking to withdraw his guilty plea and have another attorney represent him, or alternatively to proceed pro se. The court denied his application to withdraw his guilty plea but granted his motion to proceed pro se. The court directed his attorney to appear at sentencing and represent him in case Layne changed his mind. On the following day, May 3, 1984, Layne appeared for sentencing. Despite the previous day's motion, he asked that his attorney resume representation of him, stating that the attorney had done "the best he could." Pursuant to the plea bargain, the New Jersey Superior Court imposed a life sentence with a 30-year period of parole ineligibility. Upon sentencing for the charge of felony murder, the state dismissed the remaining charges contained in the accusation, including the charge of attempted murder.

The Appellate Division of the New Jersey Superior Court affirmed the trial court's sentence, dismissing Layne's argument that he had an intoxication defense to the felony murder charge, citing his hospital records contained in his pre-sentence report. The Appellate Division also affirmed the trial court's denial of Layne's two motions for post-conviction relief after hearings held in 1989 and 1996 respectively. In the hearing regarding Layne's first motion for post-conviction relief in 1989, the New Jersey Superior Court allowed Layne to call witnesses to develop his arguments that his plea was involuntary and that he received ineffective assistance of counsel. Layne, however, failed to provide any relevant testimony and decided to forgo any further testimonial proof. The State moved to strike Layne's testimony because of its inability to cross-examine him, and defense counsel agreed. The New Jersey Supreme Court denied Layne's petition for

5

certiorari on all three occasions.

On August 14, 2000, Layne filed the underlying action for a writ for habeas corpus with the United States District Court. On March 5, 2002, the District Court issued a decision and opinion denying the petition. Layne's appeal followed.

## II.

The District Court had original jurisdiction under 28 U.S.C. §§ 2241(c)(3) and 2254(a), and we have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We have summarized the new standard for the federal habeas court to review a state court's factual findings and legal conclusions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) in Werts v. Vaughn, 228 F.3d 178, 195- 96 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001) (noting that "AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts"), and Appel v. Horn, 250 F.3d 203, 209 (3d Cir. 2001).

Specifically, we have held that "[f]ederal habeas corpus relief is precluded as to any claim that was adjudicated on the merits in a state court proceeding unless such adjudication . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Werts, at 196 (quoting 28 U.S.C. §§ 2254(d)(1) and (2) (1997)). "Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence." Id. (citing 28 U.S.C. § 2254(e)(1) (1997)).

## A.

Layne argues first that he was deprived of his constitutional rights by the state

6

trial court's acceptance of his guilty plea because it was not made knowingly or voluntarily. Specifically, he argues that the court failed to advise him of the right to be tried by a jury, the right to be represented by counsel, the right to confront his accusers, and the right not to incriminate himself. He argues additionally that the transcripts did not show that he had waived any of these constitutional rights. He cites Boykin v. Alabama, 395 U.S. 238, 243 (1969), and Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973), in support of his argument.

The Supreme Court stated in Brady v. United States, 397 U.S. 742, 747-48 n.4 (1970), that "[t]he new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pled guilty entered his plea understandingly and voluntarily." Following that instruction, United States Courts of Appeals have rejected the argument that Boykin required a formal enumeration of constitutional rights. Stinson v. Turner, 473 F.2d at 915-16, relied on by Layne, expressly rejected a similar argument made by the petitioner there that the trial court must enumerate every single constitutional right or privilege to which the petitioner was entitled in order to determine that the petitioner's guilty plea was made knowingly and voluntarily. "[N]o procedural requirement was imposed that [the constitutional rights] be enumerated. The main purpose is . . . to make sure [the accused] has full understanding of what the plea connotes and of its consequence." Stinson, at 915 (internal quotation marks omitted) (citing Boykin, at 244). We have similarly held that "[t]he ritual of the colloquy is but a means toward determining whether the plea was voluntary and knowing" and that "the failure to specifically articulate the Boykin rights does not carry the day for the defendant if the circumstances otherwise establish the plea was constitutionally acceptable." United States v. Stewart, 977 F.2d 81, 84-85 (3d Cir. 1992), cert. denied, 507 U.S. 979 (1993). "[A] defendant has the burden of persuasion to establish that a plea was neither intelligent

nor voluntary." Id.

Under the above case law, Layne has failed to carry his burden of showing that his guilty plea was not made knowingly and voluntarily. On the contrary, even though the trial judge did not enumerate every single constitutional right to which Layne was entitled in the plea hearing, the record shows beyond doubt that Layne made his guilty plea knowingly and voluntarily. Moreover, hospital records pertaining to his mental competence disclose that he understood the nature of the pleading process and the consequence of pleading guilty.

## B.

Layne argues next that the denial of his request to withdraw his guilty plea was unconstitutional. He argues alternatively that he should be at least accorded a full evidentiary hearing to assess the merits of his case. He cites Heiser v. Ryan, 951 F.2d 559 (3d Cir. 1991), and United States ex. Rel. Culbreath v. Rundle, 466 F.2d 730 (3d Cir. 1972), among others, to support his arguments.

We agree with the District Court's ruling against Layne's arguments under the three-factor test set forth in United States v. Huff, 873 F.2d 709, 712 (3d Cir. 1989). Pursuant to that test, the District Court noted that for the first time in nineteen years of litigation Layne asserted his innocence, and his assertion was belied by his two voluntary confessions of guilt, made prior to his guilty plea, and his knowing and voluntary guilty plea. Second, the court concluded that allowing withdrawal of the guilty plea would prejudice the government because the crime occurred nineteen years ago. Both the government and Layne would experience difficulties in assembling evidence and witnesses. Finally, the court concluded that Layne's reason to withdraw the plea was weak. Layne has failed to carry his burden of showing that the District Court abused its discretion in applying the test.

8

C.

Layne also argues that the state trial court's acceptance of his guilty plea was unconstitutional because he was mentally incompetent to plead guilty knowingly or voluntarily. Specifically, he argues on appeal that he was suffering from severe mental difficulties during the period prior to the entry of his guilty plea, as evidenced by the prescription that he take mind-altering drugs such as Mellarill, a powerful narcotic, to prevent him from committing suicide.

The District Court rejected Layne's assertion of mental incompetence. Specifically, the District Court noted that hospital records contained in the pre-sentencing report showed that Layne was capable of understanding the nature of the pleading process and that he understood the consequence of pleading guilty. The Court noted further that the hospital reports did not mention insanity or diminished capacity caused by the medicine that the examining doctors prescribed to him. Layne has not met his burden of rebutting the evidence showing his mental competence at the plea hearing. His taking medications in itself does not show that he was mentally incompetent. See United States ex rel. Wiggins v. Pennsylvania, 302 F. Supp. 845, 848-49 (E.D. Pa. 1969), aff'd, 430 F.2d 650 (3d Cir. 1970). We cannot say the District Court committed plain error or abused its discretion in its ruling.

D.

Finally, Layne argues that his Sixth Amendment rights were violated and his guilty plea was ineffective because he received ineffective assistance of counsel. Specifically, he argues that his trial attorney, Dennis Kuroishi, was ineffective because he made no effort to prepare a defense for him. He maintains that all Kuroishi did was to coerce him to plead guilty and that the attorney made no effort to investigate the viability of a diminished capacity or an intoxication defense. According to Layne, Kuroishi's

assistance was ineffective because he met only three times with Layne to prepare for trial, did not formulate an adequate trial strategy, did not adequately review with Layne the Government's discovery or the case against him prior to the entry of the guilty plea, never filed a motion to suppress Layne's confession. and made no effort to request a competency hearing.

We agree with the District Court that Layne failed to satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984) (claim of ineffective assistance of counsel in violation of the Sixth Amendment rights requires showing of serious incompetence in counsel's performance and of prejudice to defense), and Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) ("[t]here is a strong presumption that counsel's performance falls within the wide range of professional assistance"; the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (internal quotation marks omitted); see also Hill v. Lockhart, 474 U.S. 52, 58 (1985) (the two-prong test enunciated in Strickland applies equally to uninformed guilty pleas that are alleged to be the result of ineffective counsel).

The District Court ruled that Layne was unable to maintain his burden of showing either incompetence or prejudice. Specifically, the Court noted first that Layne failed to produce any evidence showing that his trial attorney coerced him into pleading guilty. The Court concluded next that even if assuming that his attorney failed to "explain the American jury system," as alleged by him, this failure by itself would not have rendered counsel's performance unreasonable. The Court noted further that Layne waived an indictment and that the record showed that he and his attorney discussed the indictment process at length. The Court observed that Layne reviewed together with his attorney his two voluntary confessions, along with other evidence gathered for the prosecution, and

10

that they discussed the possibility that he could get the death penalty if he was convicted of the offenses with which the prosecution would have charged him.

The Court concluded that Layne based his decision to plead guilty on the overwhelming evidence against him and the possibility that he could receive the death sentence. The Court finally rejected Layne's assertion that his counsel was ineffective for failure to investigate and put forth an intoxication defense. The Court noted that Layne had twice voluntarily confessed to his crime and that he could have received the death penalty had he not pled guilty and stood trial instead. Under the circumstances, the Court concluded that the trial attorney's recommendation to plead guilty was not conduct below the standard constitutionally required of attorneys. The Court also opined that the defenses of intoxication or diminished mental capacity would not have been effective, even if asserted, because psychiatric evaluations had specifically found that Layne was capable of standing trial.

## III.

We perceive no plain error or abuse of discretion in the District Court's judgment. We conclude also that the decisions of the New Jersey courts, which adjudicated the same claims on the merits, do not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Accordingly, the District Court's judgment will be affirmed.

11

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Max Rosenn, Circuit Judge