**Ray BEAVERS, Petitioner-Appellant,**

v.

**Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Respondent-Appellee.**

No. 72–1437.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 20, 1973.

March 16, 1973.

Leonard E. Davies, Denver, Colo., for petitioner-appellant.

Paul Crowe, Asst. Atty. Gen. (Larry Derryberry, Atty. Gen., of Oklahoma, on the brief), for respondent-appellee.

Before HILL and DOYLE, Circuit Judges, and BRATTON, District Judge.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Oklahoma denying the petition of the appellant for relief pursuant to 28 U.S.C. § 2254. Petitioner had pleaded guilty to manslaughter in the first degree and had been sentenced to 25 years in the Oklahoma State Penitentiary, the maximum sentence being 99 years. Denial of relief in the district court was based on a review of the records of the proceedings in the state court and the court of criminal appeals, and the finding that these records contained nothing which would require a conclusion different from that reached by the state district court and the court of criminal appeals.

An evidentiary hearing was not conducted, and the petitioner has exhausted his state court remedies.

He contends here, as he did in the district court, that his plea of guilty resulted from coercion. Essentially, then, our inquiry is whether the record reveals coercion or whether an evidentiary hearing to determine the truth of this contention factually should have been carried out by the federal trial court. Defendant, in seeking relief here, relies on the decision of the Supreme Court in Boykin v. Alabama, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This is a case in which the defendant entered pleas of guilty to five indictments charging armed robbery. The cause was submitted to a jury in accordance with Alabama practice for the purpose of determining the sentence. The jury imposed the death penalty. At the time of Boykin's plea of guilty the court failed completely to. address the defendant with respect to whether his plea had been entered voluntarily. The Supreme Court ruled that waiver of the right to counsel and acceptance of a plea of guilty without a showing that it was intentional and voluntary constituted a violation of the petitioner's constitutional rights. ·

The record in the case at bar is not silent. It is true that we do not have a stenographer's transcript of what occurred at the state court hearing. The record does contain, however, a form consisting of 27 questions and answers signed by the accused and his counsel as well as by the trial judge, the district attorney and the court reporter. This form is somewhat exhaustive, and we are assured that the questions were asked by the trial judge and that the answers were given by the defendant. The form makes inquiry as to whether the accused pleaded guilty of his own free will and only for the reason that he was guilty and further as to whether he committed the acts charged. He was further asked whether he had been "abused, mistreated, or threatened by anyone to have you enter this plea?" Defendant answered "No, sir." Other questions

pertained to his right to a jury trial, his knowledge as to the minimum and maximum sentences under the pertinent statute and as to his right to appeal. There is no statement in any of the answers suggesting that there had been a coercion exercised.

Petitioner alleged in the state court and also in the district court that the guilty plea was involuntary because while he was confined in the county jail on a charge of murder, the sheriff threatened that if he did not cop out or plead guilty "he was going to see that I got all the law would give." He further alleges that the district attorney stated that if he did not plead guilty, a former conviction would be filed and he would be sentenced to 99 years. Also, he claims that his court appointed attorney told him that if the former conviction were charged, he would be unable to take the stand in his own defense.

An examination of the relevant Oklahoma law [1] reveals that a 99 year sentence is apparently the maximum which is imposed for the offense of first degree manslaughter in Oklahoma and this was brought to the petitioner's attention at the time of his arraignment in the state district court. At this time he stated that he understood that he could receive a sentence within the limits of four years to 99 years. Advice as to the consequences of the plea certainly does not constitute coercion. See Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Lattin v. Cox, 355 F.2d 397, 400 (10th Cir. 1966). In the final analysis the petitioner's case is reduced to his allegation that the sheriff told him that if he did not plead guilty he would get the maximum. This allegation standing alone is, to say the least, unimpressive. We do note, however, that if a plea of guilty is coerced, the law is clear that this violates due process. See Roscoe v. Hunter, 144 F.2d 91, 92 (10th Cir. 1944); cf. Reed v. Turner,

1. 21 Okla.Stat.Ann. § 713.

444 F.2d 206, 208–209 (10th Cir. 1971). *See also* Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), which holds that an inquiry is necessary even though the allegations are illogical or apparently false. The allegation here is that the plea was obtained by threats and coercion.

██ We are unable to say from the record before us that the defendant was coerced, but we believe in view of the allegations that the court was required to conduct an inquiry and make a finding, first, as to what transpired in the district court, that is, as to whether the district court addressed the defendant and made a genuine effort to ascertain whether the plea was knowingly, understandably and voluntarily entered. On the other hand, we are not to be understood as condemning the use of a written memorial signed by the accused as to the proceedings which occurred in connection with the plea of guilty. We are merely saying that the important aspect is not the form but the substance of the matter. If, therefore, the form were to be used in a ritualistic way it could be meaningless. On the other hand, if the trial judge carries out his function with a conscientious effort to satisfy himself that the plea is a product of volition of the accused personally and was not induced by promises of any kind or character, and uses the questions and answers as a guide or check list, the form would merely evidence the voluntariness of the plea.

██ Counsel for petitioner would have us superimpose Rule 11 of the Federal Rules of Criminal Procedure on the state court procedure so as to render it a constitutional requisite. Boykin v. Alabama, *supra*, does not hold that this must be done, and we are not disposed to adopt such a requirement. In a very recent opinion, filed February 27, 1973, Stinson v. Turner, 473 F.2d 913, this court denied a petition similar to that which is here presented. The Supreme Court's decision in *Boykin* was considered in Judge Holloway's opinion and it was concluded, just as we conclude here, that *Boykin* requires the record to affirmatively show that a defendant who pleaded guilty entered his plea understandingly and voluntarily, and that its requirements were there satisfied. The philosophy expressed in *Stinson* is the same as that which we have expressed and are now expressing in the case at bar.[2] Surely the states, so long as they satisfy the substantial requirements of the Fourteenth Amendment, can follow their own procedure. We merely hold that where, as here, allegations of coercion appear, there exists a degree of uncertainty as to the voluntariness of the plea so that the presumption of validity of the state proceedings is not strong enough to justify upholding state court action without further inquiry. *Cf.* Maes v. Patterson, 401 F.2d 200, 201 (10th Cir. 1968); United States v. La Vallee, 319 F.2d 308 (2d Cir. 1963).

██ In State of Missouri v. Turley, 443 F.2d 1313 (8th Cir. 1971), the court said:

Rule 11 is, of course, not applicable in state proceedings. Nevertheless, once it has been established that a state court has, at the time of accepting a guilty plea, elicited sufficient information from the parties so that the propriety of accepting the plea is established in a manner analogous to the dictates of Rule 11, and an adequate record is made thereof, the occasion for setting aside a guilty plea should seldom arise.

In view of these variables, the use of a form by itself will not be sufficient in every case and will need an elaboration in some instances. In the case at bar the reason that the form may be insufficient is that the defendant has alleged that coercion was exercised by state officials outside of court. It may be that no form would furnish an answer to such an allegation. But regardless of

---

2. *Cf.* Arbuckle v. Turner, 440 F.2d 586, 589 n. 4 (10th Cir. 1971).

this, we are convinced that inquiry was here required.

Based upon the foregoing, the judgment of the district court is reversed and the cause is remanded for further proceedings.