**Elvin Emmett MOORE, Petitioner-Appellant,**

**v.**

**Park J. ANDERSON, Warden, Respondent-Appellee.**

**No. 72–1783.**

United States Court of Appeals, Tenth Circuit.

March 16, 1973.

Leonard E. Davies, Denver, Colo., for petitioner-appellant.

Paul Crowe, Asst. Atty. Gen. (Larry Derryberry, Atty. Gen. of Oklahoma, on the brief), for respondent-appellee.

Before HILL and DOYLE, Circuit Judges, and BRATTON, District Judge.

WILLIAM E. DOYLE, Circuit Judge.

Appellant seeks reversal of a judgment of the United States District Court for the Western District of Oklahoma where he filed a petition pursuant to 28 U.S.C. § 2254, alleging that his pleas of guilty to charges of assault and battery with a deadly weapon with intent to kill and escape from confinement other than penitentiary were not voluntary and therefore void. The state court remedies of petitioner have been exhausted, appellant having pursued post conviction remedies through the state courts. The district court denied the petition on the basis of the moving papers holding: "The generalities, conclusions, and other allegations of petitioner which are contradicted by the records of the trial court are insufficient to entitle petitioner to an evidentiary hearing." We affirm.

Appellant's main contention is that the record in the state court was so inadequate as to constitute a violation of his due process rights under the Fourteenth Amendment because the record does not disclose, according to him, that he was informed of his constitutional rights before entering his plea.

This is another case in which written questions were submitted and answers were inserted in blank spaces presumably by the court or the clerk. The completed form is signed by the district attorney, the attorney for the defendant, by the defendant, by state district judge, the court reporter and court clerk. The court propounds the questions. This form is essentially the same as that which was used in Beavers v. Anderson, 474 F.2d 1114, a decision announced this day. Unlike the *Beavers* case, wherein particular allegations were made as to the coercion practiced, the petition at bar simply alleges that the plea was not voluntary and that there was not a sufficiently full explanation as to the de-

fendant's right to a trial by jury and his right to counsel and "the possibility of the penalty provided by statute for the offense charged." The petition also stated that "the defendant at the time of his plea of guilt was under heavy mental strain as well as under strain and influence of threats before plea." The defendant was obviously warned as to the maximum penalty provided by law and as to the consequences of a plea of guilty. He was also told of his right to have a jury trial and stated that he did not wish to have one. He further stated that he had discussed the charges with his lawyer and understood his rights and that his lawyer had advised him in the matter. Based upon this and other questions which were propounded to him, he entered pleas of guilty to both charges and was sentenced. He was in fact represented by counsel and he nevertheless complains that the judge failed to advise him fully of his right to counsel.

■■ As in the *Beavers* case, counsel argues that the written form by itself violates the Constitution. We disagree. We have carefully read Boykin v. Alabama, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which is relied on by the appellant, and that case does not hold that Rule 11 together with its implementing federal decisions is lock, stock and barrel applicable to state court proceedings. Undoubtedly the accused is entitled to have the judge address him personally on the occasion of his arraignment and he is entitled to know of his right to a jury trial, and if he attempts to enter a plea of guilty he is entitled to know the consequences of his plea, and the judge must satisfy himself that the plea is being given voluntarily and with knowledge of its consequences. The questions and answers here are sufficient to satisfy these minimum requirements. The presumption of validity given to these proceedings is not challenged by the allegations of the petitioner. *See* Norvell v. Illinois, 373 U.S.

420, 424, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); Boyd v. Oklahoma, 375 F.2d 481 (10th Cir. 1967).

As we said in *Beavers,* the nature of the questions and answers signed by the accused and others does not of itself establish that the proceedings were inadequate or involuntary. On the contrary, they tend to show that the accused acknowledged his guilt and was aware of his rights. For example, the mere fact that he is called upon to sign a document does not condemn the practice. Rule 23(a) of the Federal Rules of Criminal Procedure calls for the signing of a document whenever the accused waives a jury and consents to be tried to the court. This procedure has been upheld. *See* Estrada v. United States, 457 F.2d 255 (7th Cir.), cert. denied, 409 U.S. 858, 93 S.Ct. 143, 34 L.Ed.2d 104 (1972), and *see* United States v. Straite, 138 U.S.App.D.C. 163, 425 F.2d 594 (1970).

We have considered the excellent opinion of Judge Holloway in Stinson v. Turner, 473 F.2d 913, and the decision here, as does the decision in *Beavers,* conforms with *Stinson.*

■ Finally, appellant contends in his allegation that he was under heavy mental strain which itself justifies an evidentiary hearing. Again, we disagree. The state district court referred the defendant for mental examination and he was reported sane. There is no other evidence that he was unable to understand the proceedings and to cooperate with counsel. Furthermore, the allegation itself is weak. It fails to allege incompetency.

In summary, the trial court correctly determined that an evidentiary hearing was unnecessary in view of the lack of apparent substance in the petition. *See* Machibroda v. United States, 368 U.S. 487, 495–496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) and Eskridge v. United States, 443 F.2d 440 (10th Cir. 1971).

The judgment of the district court is affirmed.