James W. ARMSTRONG, Petitioner,

v.

Charles E. EGELER, Warden, State Prison of Southern Michigan, Jackson, Michigan, Respondent.

Civ. A. No. 4–72230.

United States District Court,
E. D. Michigan, S. D.

Feb. 3, 1975.

James W. Armstrong, pro per.

Frank J. Kelley, Atty. Gen., Crim. Div., by Keith D. Roberts, Asst. Atty. Gen., Lansing, Mich., for respondent.

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

This is a habeas corpus action in which petitioner attacks the validity of a guilty

plea to a murder charge. He contends that the trial court erred in not conducting a hearing to determine what degree of murder petitioner had committed, and that in advising him that the maximum possible sentence for first degree murder was life imprisonment, the court failed to advise him that he would also be ineligible for parole.

On October 22, 1974 this court dismissed the petition by memorandum opinion, addressing the first issue on the merits and dismissing the other for failure to exhaust state remedies. On November 20, 1974 petitioner filed a supplemental pleading, appending a copy of the Michigan Supreme Court's decision in People v. Armstrong, 390 Mich. 693, 213 N.W.2d 190 (1973). That opinion clearly frames the issues applicable here:

"Armstrong now asserts that his plea and resultant conviction should be set aside because the judge failed:

. . . . . .

(b) to inform him that if he was convicted of first-degree murder he would be ineligible for parole." 390 Mich. 696, 213 N.W.2d 191.

While it is true that the petitioner did not supply the court with a copy of, or citation to, the Michigan Supreme Court decision, the court is more troubled by the response of the Attorney General's office which represented by both brief and letter that the relevant files had been checked, and that this issue was not exhausted. It is clear that petitioner did raise this issue before the state courts, and that it is now squarely before this court.

In rejecting his claim the Michigan Supreme Court held:

"After much debate among bench and bar this Court recently revised the guilty plea procedure to require more extensive advice than under former practice to guilty pleading defendants. See GCR 1963, 785.3–785.11. The revised rule does not require advice concerning the nature of the judge's responsibility in a degree hearing or

that a person convicted of first-degree murder is not eligible for parole. It would be incongruous to hold that a defendant pleading guilty in 1963 was entitled to advice that need not be given a defendant pleading guilty today." 390 Mich. at 697–98, 213 N.W. 2d at 192.

Petitioner now phrases his argument in terms of Rule 11 of the Federal Rules of Criminal Procedure, and claims that the state trial judge had the duty to inform him of all of the "direct consequences" of his plea. He then cites numerous cases holding that statutory ineligibility for parole is such a direct consequence. *See, for example,* Harris v. United States, 426 F.2d 99 (6th Cir. 1970); Moody v. United States, 469 F.2d 705 (8th Cir. 1972). These cases, however, were brought under 28 U.S.C. § 2255 by federal prisoners. Rule 11 of the Federal Rules is not applicable to state proceedings. Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972); State of Missouri v. Turley, 443 F.2d 1313 (8th Cir. 1971); Beavers v. Anderson, 474 F.2d 1114 (10th Cir. 1973).

Under different factual situations, several courts have also concluded on constitutional grounds that a state defendant must be informed of the consequences of his plea. These cases do not require a specific ritual, but are based on the idea that unless a criminal defendant knows of these consequences he cannot voluntarily and intelligently waive his right to trial. *See* Moore v. Anderson, 474 F.2d 1118 (10th Cir. 1973); Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364 (4th Cir. 1973), cert. denied, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241; Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972). In *Cuthrell, supra,* the court borrows from the Rule 11 cases examples of consequences which must be known by the defendant for there to be an effective waiver:

"On the other hand, when a defendant pleads guilty to an offense under which he is not eligible for parole, he should be made aware of that fact before the acceptance of his plea. [Citation omit-

ted.] The reason for this conclusion is that the right to parole has become so engrafted on the criminal sentence that such right is 'assumed by the average defendant' and is directly related in the defendant's mind with the length of his sentence. Moody v. United States (8th Cir. 1972) 469 F.2d 705, 708." 475 F.2d at 1366.

■ Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968) makes it clear that when a criminal defendant pleads guilty and waives rights associated with trial, *the record must disclose* that the plea was intelligently and understandingly made. One factor, if not the most important factor, involved in making an intelligent decision as to whether or not to plead guilty is the severity of the sentence to which the defendant exposes himself.

"But the unavailability of parole directly affects the length of time an accused will have to serve in prison. If parole is unavailable, the mandatory period of incarceration under a given sentence is three times as long (not taking into account allowances for good time). It would seem that such a major effect on the length of possible incarceration would have great importance to an accused in considering whether to plead guilty." Bye v. United States, 435 F.2d 177 (2nd Cir. 1970).

In a similar case involving waiver of the right to counsel, the United States Court of Appeals for the Sixth Circuit reached the same conclusion on constitutional grounds. Gannon v. United States, 208 F.2d 772 (6th Cir. 1953). There, a narcotics defendant waived the right to counsel and pled guilty without having been informed of the Boggs Act which provided for increased sentences for prior drug offenders. Like ineligibility for parole, the Boggs Act substantially and automatically increased the period of incarceration. The court held:

"Under such circumstances, appellant did not competently, intelligently, and with full understanding of the implications, waive his constitutional right to counsel." 208 F.2d 774.

This line of argument is compelling in the case now before the court.

■ Accordingly, it is necessary to deny respondent's motion to dismiss the petition. An evidentiary hearing is required to determine whether petitioner was aware of his ineligibility for parole and whether under the totality of the circumstances he knowingly and intelligently waived his rights. *See* Beavers v. Anderson, 474 F.2d 1114 (10th Cir. 1973). If the waiver does not meet these standards, petitioner is entitled to withdraw his plea and stand trial. The court will appoint counsel to assist petitioner at this hearing as provided by 18 U.S.C. 3006A(g).

While this opinion specifically declines to apply Rule 11 of the Federal Rules of Criminal Procedure to state trial courts, or to require any specific procedure in cases of this type, it is appropriate to repeat the Supreme Court's observation in *Boykin:*

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought [citations omitted], and forestalls the spin-off of collateral proceedings that seek to probe murky memories." 395 U.S. 243–44, 89 S.Ct. 1712. (footnotes omitted).

Accordingly,

It is ordered that respondent's motion to dismiss the petition for habeas corpus be, and the same is, hereby denied.