**Frank W. LANSINGER, #86261, Petitioner,**

v.

**Richard A. CRISPS, Respondent.**

**Civ. No. 75-0500-D.**

United States District Court, W. D. Oklahoma, Civil Division.

Aug. 30, 1975.

Frank W. Lansinger, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The petitioner, Frank W. Lansinger, a state prisoner confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, has presented to this court his Petition for Writ of Habeas Corpus challenging his detention by virtue of the judgments and sentences of the District Court of Oklahoma County, Oklahoma, in cases numbered CRF–71–1594 and CRF–72–2892. The respondent has submitted its Response together with the records of petitioner's post conviction proceedings in the state courts.

The petitioner contends that his convictions are constitutionally invalid on the following grounds;

1. That he was not advised of his constitutional rights at the time he entered his pleas of guilty;

2. That the arraignment record was insufficient to comply with the requirements of *Boykin v. Alabama,* 395 U.S. 238 (1969) because the proceedings were not recorded by a court reporter;

3. That he was denied a direct appeal because he was not advised by the court or his attorney of the proper appellate procedure and of his right to file a paupers affidavit and have a court-appointed attorney and case-made furnished at public expense.

From the court's examination of the records submitted it appears that in said case No. CRF–71–1594 the petitioner on December 8, 1971, accompanied by the Public Defender of Oklahoma County entered his plea of guilty to the crime of Possession of Marijuana and received a five-year suspended sentence. At the same time in case No. CRF–71–1595 the petitioner entered a plea of guilty to a charge of Credit Card Theft after originally being charged therein with the crime of Defrauding an Innkeeper. For this offense he also received a five-year suspended sentence to run concurrently with his sentence in CRF–71–1594. In said case No. CRF–72–2892 the petitioner, on February 12, 1973, again accompanied by the Public Defender of Oklahoma County plead guilty to the offense of Concealing Stolen Property and pursuant to a plea bargain received a sentence of two years imprisonment. On April 19, 1973, after a hearing in which the petitioner was represented by the Public Defender the suspended sentences were revoked in said cases numbered CRF–71–1594 and CRF–71–1595. There was no appeal from any of these proceedings. However, on October 29, 1974, the petitioner filed a Petition for Writ of Habeas Corpus in the District Court of Oklahoma County which the court treated as an application for post conviction relief under the Oklahoma Post Convic-

tion Procedures Act and appointed the petitioner an attorney.

The application set forth the same grounds for relief as the petitioner has now presented to this court and the District Court of Oklahoma County on February 17, 1975, held an evidentiary hearing in which the petitioner was present in person and with his court-appointed attorney. The petitioner offered in evidence the "Plea of Guilty: Summary of Facts" forms completed at the time of petitioner's pleas and testified that while he remembered some questions on the form being asked he did not recall all of them and specifically denied others. The attorneys who represented the petitioner at his pleas testified for the State as well as the trial judge in case No. CRF–72–2892. The attorneys explained the plea bargaining and other circumstances surrounding the pleas, stated that they had fully advised petitioner of all his rights, and affirmed that the answers in the forms were personally given by the petitioner after the questions had been asked by the court. The Judge in case No. CRF–72–2892 testified that he had addressed the petitioner personally and asked these questions and others to assure himself that the plea was freely and voluntarily made. In the latter case the plea bargain was not reached and the plea made until after the State had rested in the first stage of the trial. At the conclusion of the evidentiary hearing the trial court carefully made extensive Findings of Fact and Conclusions of Law. The court found that no court reporter was present at the proceedings in case No. CRF–71–1594 and was unable to determine if one was present in case No. CRF–72–2892 but concluded that under the circumstances one was not necessary. All other issues were determined adversely to the petitioner, the court finding that petitioner had been fully informed of his rights both by the court and by his attorneys and adjudging that the petitioner's pleas of guilty were freely and voluntarily entered. Relief therefore was denied.

The petitioner then perfected an appeal in the Oklahoma Court of Criminal Appeals, case No. PC–75–94. On April 8, 1975, the appeals court issued its Order affirming the denial of post conviction relief. The petitioner in these proceedings exhausted the remedies available to him in the courts of the State of Oklahoma.

■ The federal constitutional questions presented herein have been previously determined factually by the District Court of Oklahoma County. That hearing afforded to the petitioner satisfies fully the requirements of 28 U.S.C.A. § 2254 and the findings of the court are presumed to be correct. The petitioner does not claim that this hearing did not meet the rule of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) or challenge it on any of the grounds set forth in 28 U.S.C.A. § 2254(d) and (e). Under these circumstances the petitioner is not entitled to a second independent evidentiary hearing on his contentions in this court. *Day v. Page*, 411 F.2d 810 (C.A. 10 1969).

After an independent review of the record of the post conviction hearing this court is satisfied that there is factual and legal support for the state court adjudication. See *Maxwell v. Turner*, 411 F.2d 805 (C.A.10 1969).

■ Since the decision in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), it has been a constitutional rule that the record of the state court arraignment must show that the defendant who pleads guilty enters such plea understandingly and voluntarily. The inadequacy of the arraignment record alone may justify relief from the guilty plea. See *Perry v.*

*Crouse*, 429 F.2d 1083 (C.A.10 1970). *Boykin* identified three constitutional rights which were directly implicated in the accused's plea of guilty: self-incrimination, jury trial and confrontation. It is not, however, necessary under *Boykin* that the record reflect detailed waivers of these rights. The issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. *Stinson v. Turner*, 473 F.2d 913 (C.A.10 1973). There is no federal constitutional requirement that the trial proceedings be reported. See *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). *Boykin* does not mandate that any particular procedure be adopted by the states to satisfy its requirements concerning the arraignment record. *Beavers v. Anderson*, 474 F.2d 1114 (C.A.10 1973). In *Moore v. Anderson*, 474 F.2d 1118 (C.A.10 1973) the court considered the sufficiency of the record consisting of a "Summary of Facts" similar to the form utilized in petitioner's cases and held the questions and answers were sufficient to satisfy the minimum requirements of *Boykin*. In the plea bargaining situation the accused should be afforded the advice of competent counsel, be aware of the charges against him and understand the possible range of sentences. *Kemp v. Snow*, 464 F.2d 579 (C.A.10 1972). The arraignment record here certainly is sufficient to demonstrate this. The evidence before the post conviction court compels the conclusion that the pleas of guilty by the petitioner were knowingly and understandingly made.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

It is so ordered.