Kenneth STEPHENS, Appellant,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.

No. 81–1137.

United States Court of Appeals, Eighth Circuit.

Submitted June 19, 1981.

Decided Sept. 14, 1981.

Donald L. Davis, Kansas City, Mo., for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., argued, Jefferson City, Mo., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

This is an appeal from the District Court's [1] denial of Kenneth Stephens's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

On September 1, 1977, Stephens entered a guilty plea to two counts of armed robbery and was sentenced to two 20-year terms of imprisonment, to run concurrently. At the time of sentencing Stephens also had six years of a sentence left to serve from a previous conviction for armed robbery. Missouri law required that the new 20-year terms be served consecutively to this previous sentence. Mo.Ann.Stat. § 222.020 (repealed January 1, 1979).

1. The Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

On November 3, 1977, Stephens filed a motion to vacate his judgment and sentence under Mo.R.Crim.P. 27.26. In this motion Stephens raised three issues: (1) that his guilty plea was involuntary due to misunderstanding, false promises, and coercion, (2) that his lawyer was ineffective, and (3) that the sentencing statute, Mo.Ann.Stat. § 222.020, was unconstitutional under the Fourteenth Amendment. On January 24, 1978, an evidentiary hearing on the 27.26 motion was held, and the motion was subsequently denied. This denial was affirmed on appeal. *Stephens v. State*, 583 S.W.2d 282 (Mo.App.1979).

The instant § 2254 petition contained the same three claims for relief as the 27.26 motion in the state courts. On December 1, 1980, the District Court dismissed the petition without a hearing or appointment of counsel. Specifically, the court below dismissed with prejudice the claims involving the involuntary guilty plea and denial of effective assistance of counsel, and dismissed without prejudice the claim that § 222.020 is unconstitutional. As to this last claim, the District Court held that petitioner had failed to exhaust his state remedies. Stephens now appeals the decision below as to the claims of an involuntary guilty plea and the unconstitutionality of the sentencing statute. No question as to effectiveness of counsel is raised on this appeal.

## I.

The gist of the first claim is that petitioner's counsel and the prosecutor led him to believe that the state would recommend two ten-year terms, to run concurrently, in exchange for his guilty plea, and that he was also coerced into pleading guilty through the state's refusal to give him adequate medical treatment for his injured hand. In dismissing this claim the District Court examined the record before it and concluded that Stephens was afforded a full and fair hearing in the state court as to this claim, and that the facts were reliably found in accordance with federal law.

█ Petitioner now makes several arguments in attacking this ruling. First, it is argued that the record before the District Court was incomplete because it did not contain the transcript of his guilty-plea proceeding, but only the transcript of the hearing on the motion for post-conviction relief. We disagree. The instant claim—that Stephens's plea was involuntary because of false promises and coercion—relates to events that occurred outside the guilty-plea proceeding. The alleged false promises and coercion all took place prior to the plea of guilty. Stephens made no argument in the state court that his plea was not regular on its face. Therefore, the relevant record for the purpose of resolving the present claim is the record of the hearing on the 27.26 motion, which was examined by the court below. It was at this hearing that evidence and testimony were received as to relevant matters leading up to the entering of the guilty plea. Thus, the record before the District Court was sufficient to resolve the issues presented by Stephens's claim.[2]

█ Petitioner next argues that the record of the state-court proceedings cannot be presumed to be correct when there has been no hearing in the federal court, and the relevant issue is coercion. For this proposition petitioner cites *Beavers v. Anderson*, 474 F.2d 1114 (10th Cir. 1974). Petitioner misreads *Beavers*. There a hearing was required because the court found that "a degree of uncertainty" existed which

---

2. At oral argument we requested and were given a transcript of petitioner's guilty-plea proceeding. A full examination of the transcript reveals nothing supportive of petitioner's claim. The guilty plea was entered after petitioner was advised on the record that he did not have to plead guilty and that he had a right to trial by jury. Petitioner was told of the possible consequences of his plea (a maximum of life imprisonment). He stated that he did in fact commit the crimes charged and that nothing had been said to him, either by his own lawyer or by the prosecuting attorney, in the nature of a promise or a threat. This case is a far cry from *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in which "[s]o far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." *Id.* at 239, 89 S.Ct. at 1710.

was sufficient to overcome the presumption of validity of the state-court proceedings. 474 F.2d at 1117. There is no *per se* rule that a federal hearing is required whenever there are allegations of a coerced guilty plea. In the absence of suggestions that petitioner was precluded from offering all relevant evidence in the state proceeding or that some additional relevant facts now exist, a federal hearing is not ordinarily required. *Bonner v. Wyrick*, 563 F.2d 1293 (8th Cir. 1977), *cert. denied*, 439 U.S. 913, 99 S.Ct. 286, 58 L.Ed.2d 260 (1978). In any event, there was no uncertainty here, and no need for a hearing in the federal court. Petitioner had ample opportunity to present evidence in the state post-conviction hearing and did so, and the state court specifically found that his plea was voluntarily made with a full understanding of his constitutional rights. Petitioner was represented by counsel. The hearing afforded was full and fair, and therefore the findings of the state court must be presumed correct. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

## II.

Petitioner's sentence of September 1, 1977, was required by state law, Mo.Ann. Stat. § 222.020, to be served consecutively to that portion of his prior sentence not yet served. The statute applied to all persons who committed a crime while under a state sentence. The statute was mandatory, and the sentencing court was without discretion to impose a sentence to run concurrently with the previous sentence. Stephens was sentenced under this statute because the crimes to which he pleaded guilty were committed after he had escaped from the Missouri Department of Corrections.

The District Court dismissed this claim without prejudice, holding that petitioner still had available to him a state remedy. We find it unnecessary to discuss this question. The underlying substantive claim—that the mandatory-sentencing law is so fundamentally unfair as to violate the Fourteenth Amendment because it takes away the state trial court's discretion to consider a concurrent sentence—is wholly without merit. The Fourteenth Amendment does not take away the power of the state legislature to require that a sentence be consecutive to a term previously imposed, where the second crime is committed before the first term has been fully served, especially where, as here, the second crime is committed by a prisoner who has escaped. *Accord, King v. Swenson*, 423 S.W.2d 699 (Mo.1968) (en banc).

The judgment dismissing the petition is affirmed. Both claims discussed in this opinion are dismissed with prejudice.

It is so ordered.