**Charles Louis BANDY, Petitioner,**

v.

**Carl WHITE, Superintendent, Respondent.**

No. 83–0149–CV–W–1–R.

United States District Court, W.D. Missouri, W.D.

April 26, 1985.

Charles L. Bandy, pro se.

Joseph P. Teasdale, Kansas City, Mo., for petitioner.

William Webster, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

### I.

Petitioner currently confined at the Missouri Training Center for Men located at Moberly, Missouri amended his petition for a writ of habeas corpus so that his unexhausted claims are no longer mixed with his exhausted claim.[1] Petitioner challenges his incarceration pursuant to his plea of guilty to the offense of murder in the second degree. That plea was tendered to and accepted in the Circuit Court of Jackson County, Missouri on July 19, 1979.[2] It is conceded that petitioner has exhausted his available State court postconviction remedies in regard to the claim presented in the amended petition before the Court. *See Bandy v. State*, 639 S.W.2d 136 (Mo.Ct. App.1982).

We have considered the briefs of the parties, the filings and exhibits in the case,

---

1. Petitioner's attempts to obtain review of claims for which he had not exhausted his State court remedies were addressed in this Court's Orders entered April 8, 1983 and March 6, 1985.

2. A transcript of those proceedings was attached as Exhibit A to respondent's response to order to show cause. Subsequent references to exhibits are to the additional exhibits attached to respondent's response.

and conclude that the petition should be denied.

## II.

 Petitioner implicitly contends that this Court may properly make an independent appraisal of the evidence presented in prior proceedings in the trial and appellate courts of the State of Missouri and thereafter make findings of fact inconsistent with those made by the State courts.[3] Petitioner's contention is untenable. *See Maggio v. Fulford,* 462 U.S. 111, 113, 103 S.Ct. 2261, 2262, 76 L.Ed.2d 794 (1983).

Section 2254(d) of Title 28, U.S. Code, provides that the State court's determination of the merits of a factual issue made in an appropriate State court proceeding "shall be presumed to be correct," subject only to the establishment of one of the eight exceptions set forth in that section.[4] *See* the Eighth Circuit's most recent review of the standards established by Section 2254(d) in *Corcoran v. Wyrick,* 757 F.2d 207, 208–09 (8th Cir.1985) (citing *Wainwright v. Witt,* — U.S. —, —, —, 105 S.Ct. 844, 853–54, 83 L.Ed. 841 (1985); *Sumner v. Mata,* 455 U.S. 591, 592, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982)). We review the State court proceedings in

light of the standard provided in Section 2254(d).

Petitioner's Missouri Rule 27.26 motion presented the same question as that presented in his pending federal habeas corpus petition. After conducting an appropriate evidentiary hearing, the State trial court denied petitioner's postconviction motion. The Missouri Court of Appeals, Western District, affirmed the State trial court's denial of petitioner's Missouri Rule 27.26 motion. *Bandy v. State, supra.* In so doing, the Missouri Court of Appeals accurately stated that "Bandy's sole point on appeal is that the trial court erred because his pleas of guilty were not knowingly and voluntarily made, he did not understand the nature of the charges against him, and there was no factual basis for the pleas."

The State trial court's findings of fact, which the Missouri Court of Appeals concluded were "not clearly erroneous," were set forth in the following portion of the Missouri Court of Appeals opinion:

After considering all of the evidence, Judge Hanna in this 27.26 proceeding found as follows: "The Court finds that the movant was fully aware of the factual basis for the plea to the charge of murder second degree as well as the

---

**3.** Petitioner would have this Court find, contrary to the findings of fact made by the State courts, that petitioner's plea of guilty was not knowingly and voluntarily made because [1] there was no factual basis for the plea, and [2] at the time such plea was entered petitioner was under the influence of a narcotic substance.

**4.** 28 U.S.C. § 2254(d) provides in pertinent part:
[A] determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
(1) that the merits of the factual dispute were not resolved in the State Court hearing;
(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceedings;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceedings;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record: ....

charge of capital murder and to the charge of assault. The Court finds that those facts had been discussed repeatedly with his attorney before the plea, the movant understood that those were the facts and that they constituted the crimes charged." Judge Hanna then concluded: "The Court can only conclude and does, that at the time the pleas were given the defendant understood the nature of the charges against him; the range of punishment for each of the offenses; that the pleas were made understandingly and knowingly; * * * The Court further concludes that the defendant entered his pleas of guilty of his own free will and volition, understood all of his constitutional rights and freely and voluntarily waived those rights."

Petitioner more or less concedes that the presumption of correctness mandated by 28 U.S.C. § 2254(d), must be given the factual determinations made by the State courts as stated in the opinion of the Missouri Court of Appeals. Petitioner relies, however, on *Beavers v. Anderson,* 474 F.2d 1114 (10th Cir.1973), in support of an argument that a "degree of uncertainty exists as to the voluntariness of the guilty plea which the presumption of the validity of the state court proceedings does not dispel without further inquiry." Pet. Brief at 2. We disagree. *Beavers,* does not support petitioner's implicit argument that this Court is free to make an independent review of the State court's findings of fact following petitioner's plea of guilty and Rule 27.26 hearing.

*Beavers, supra,* involved a claim that Beavers' guilty plea was coerced by the sheriff. There was no transcript of record of the State court guilty plea proceeding nor, apparently, was Beavers ever afforded a State court postconviction evidentiary hearing. *Id.* at 1116. *Beavers* has been limited to its apparent facts and has been distinguished in the only Eighth Circuit decision which cites that case. Subsequent decisions in both the Sixth and Tenth Circuits have accorded *Beavers* the same treatment. *See Stephens v. Wyrick,* 659 F.2d 94, 97 (8th Cir.1981) (citing *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ); *Roddy v. Black,* 516 F.2d 1380, 1383–84 (6th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975); *Hopkins v. Anderson,* 507 F.2d 530, 532 (10th Cir.1974), *cert. denied,* 421 U.S. 920, 95 S.Ct. 1586, 43 L.Ed.2d 788 (1975).

The record of the State court proceedings before this Court establishes that the claims that petitioner attempts to raise in this Court were all considered and rejected by both the State trial court and by the Missouri Court of Appeals. Petitioner's brief in the Missouri Court of Appeals presented the same arguments and cited most of the cases contained in his current federal habeas corpus brief. The Missouri Court of Appeals affirmed the State trial court's determination that petitioner's guilty plea was voluntary and supported by an appropriate factual basis. We cannot say that the factual determination made by the Missouri courts was not fairly supported by the record within the meaning of Section 2254(d)(8).

In addition to the determination of the factual questions made pursuant to petitioner's Missouri Rule 27.26 proceeding, it should be further noted that the record in regard to petitioner's guilty plea is well developed and contains extensive colloquys between petitioner and his defense counsel and between petitioner and the prosecutor in regard to medication petitioner may have taken and the effect, if any, it might have had in regard to the petitioner's ability to understand and comprehend the guilty plea. The transcript shows the following:

[Defense counsel]

Q. Do you feel that [the medication taken on the day petitioner's guilty plea was accepted] affects your ability to understand the proceedings going on today?

A. No. I feel like it helps me.

Q. You feel like it helps you?

A. Yes.

. . . .

[Prosecutor]

Q. You took the same dosage [of Mellaril today] that you have been taking for the last few months?

A. Yes.

Q. In fact, have you been taking this dosage ever since you returned from Fulton Hospital?

A. Yes.

Q. That is about what, 6 months or 7, about 5 or 6 months?

A. About 5 or 6 months.

Q. And in that time have grown accustomed to the effect that it has on you, you can handle yourself pretty well, even after you have taken the Mellaril, can't you.

A. Yes.

. . . .

Q. And you are able to handle yourself well, and understand exactly what is going on here, right?

A. Yes.

Q. You have grown accustomed to the feel you have after taking the 250 milligrams?

A. Yes.

Q. In fact, it helps you to understand what is going on around you, and to comprehend what is happening, is that correct?

A. Yes.

Resp. Exh. A, Tr. 14, 26–28.

Petitioner's responses to additional questions asked him by his counsel at the guilty plea proceeding included the following:

Q. Okay. Now, Mr. Bandy, the Court has made a determination already that they feel you are competent to proceed. Let me ask you a little bit about that. We have several reports that we have here from both Fulton and the Fulton Mental Hospital and Dr. Franklin here that we have retained ourselves to have you examined. Do you feel today that you fully understand what is going on, and that you are capable or in a position at this time to enter pleas of guilty to those charges?

A. Yes, I do.

Q. Okay. Do you feel that you are able to cooperate with me in your defense

on all of these charges, not just the Capital Murder, but the Burglary and Stealing, the Assault and other charges? Do you feel like you understand what we have been discussing back and forth all along?

A. Yes.

Resp. Exh. A, Tr. 10–11.

### III.

■ We find and conclude that the State trial court's determination, affirmed on appeal, that petitioner's plea of guilty was knowingly and voluntarily made must be presumed to be correct. *Maggio, supra,* 462 U.S. at 117, 103 S.Ct. at 2264. We further find and conclude that the State court record fully and fairly supports the State court finding that petitioner's plea of guilty was knowing and voluntary. We finally conclude that it would be improper for this Court to make any further inquiry or to conduct any further hearing under the circumstances of this case. The petition for a writ of habeas corpus will therefore be denied.

Accordingly, it is

ORDERED that petitioner's petition for a writ of habeas corpus should be and is hereby denied.

