**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RANDOLPH TYLER HOFFMAN,

     Petitioner - Appellant,

vs.

L.L. YOUNG, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 00-6382
(D.C. No. CIV-00-459-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

     Petitioner-Appellant Randolph Tyler Hoffman, an inmate appearing through

counsel, seeks a certificate of appealability ("COA") allowing him to appeal the

district court's order denying relief on his petition for a writ of habeas corpus, 28

U.S.C.A. § 2254. Because Mr. Hoffman has failed to make "a substantial

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

showing of the denial of a constitutional right" as required by 28 U.S.C.A. § 2253(c)(2), we deny his request and dismiss the appeal.

In 1998, Mr. Hoffman entered a "blind" guilty plea to two counts of first degree rape, one count of rape by instrumentation, two counts of forcible oral sodomy, and one count of kidnapping. Mr. Hoffman was sentenced to twenty years on each of the first degree rape charges, and to ten years on each of the remaining four charges, with the sentences to run consecutively for a total of eighty years. Although Mr. Hoffman completed and signed a "Plea of Guilty - Summary of Facts" form ("SOF") related to his guilty plea, Aplt. App. at 190–95, it was decided at a sidebar conference that a court reporter would not be necessary for the plea or sentencing hearings. Id. at 181. Mr. Hoffman filed a motion to withdraw his guilty plea, asserting ineffective assistance of counsel and that his plea was involuntary because he did not understand its consequences. The trial court denied this motion after a hearing, and the Oklahoma Court of Criminal Appeals (OCCA) denied Mr. Hoffman's subsequent certiorari appeal. In a summary opinion, the OCCA rejected his claims. In determining that the district court did not abuse its discretion in denying the motion to withdraw, the OCCA held in pertinent part that Mr. Hoffman's plea was entered knowingly and voluntarily, and the consecutive sentences imposed were not excessive.

Mr. Hoffman filed his federal habeas petition claiming (1) ineffective

assistance of counsel, (2) the trial court abused its discretion in denying the motion to withdraw his guilty plea due to the lack of a transcript of the plea and sentencing hearings, and (3) his guilty plea was involuntary. The district court assigned the case to a magistrate judge, who issued a Report and Recommendation ("R & R") concluding that Mr. Hoffman's petition should be denied. Mr. Hoffman objected to the R&R on the ground that the lack of a transcript of his guilty plea and sentencing proceedings precluded meaningful review of his claims and neither the trial court nor defense counsel insured that his due process rights were protected. Adopting the R & R in its entirety, the district court denied the petition.

On appeal, Mr. Hoffman raises the same issues as below, arguing that (1) his constitutional right to effective assistance of counsel was violated during his state trial, and subsequent judicial rejection of this claim is against the weight of federal law and should be reversed, and (2) when the state trial court denied [his] request to withdraw his plea despite the fact that no transcript was made of the proceedings, [his] right to due process on appeal and before the district court was violated. Aplt. Br. at 1-2; 8, 11. Mr. Hoffman also mentions that his sentence violated the Eighth Amendment, id. at 7, 21, and although the district court rejected this issue, we deem it waived for want of briefing. See Adler v. Wal-Mart Stores, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately

briefed in the opening brief are waived . . . .").

To satisfy due process, a guilty plea must be knowing, intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242 (1969). A guilty plea can be voluntary only where the defendant is aware of the likely consequences of his plea. Brady v. United States, 397 U.S. 742, 748 (1970). Merely because a defendant did not correctly assess all of the relevant factors in deciding whether to plea does not render a plea unintelligent. Id. at 757.

At the withdrawal hearing, Mr. Hoffman testified, contrary to what is clearly set forth in Paragraph 19 of the SOF, that he thought a blind plea and a plea bargain were equivalent and that he thought he would receive a twenty-year sentence. Aplt. App. at 185. His counsel testified that Mr. Hoffman was confused about what consecutive sentences were. Id. at 179.

Although a transcript is of great value in determining whether a guilty plea is knowing and voluntary, it is not the exclusive means. In some circumstances, reliance upon other documentary evidence such as the questions and answers to a form may be sufficient to make that determination. Moore v. Anderson, 474 F.2d 1118, 1119 (10th Cir. 1973). In other cases, where the allegations are sufficient to establish a due process violation, an evidentiary hearing may be required. Blackledge v. Allison, 431 U.S. 63, 77 (1977); Beavers v. Anderson, 474 F.2d 1114, 1117 (10th Cir. 1973). That evidentiary hearing was held before the state

district court which denied the motion to withdraw containing the same grounds as the federal habeas petition, and that decision was upheld by the OCCA. Though the evidence conflicts, the determination of the state courts is supported by record evidence. Aplt. App. at 190-195 (SOF); 187-88 (trial judge's recollection of plea proceedings); 183 (defense counsel's recollection of plea proceedings). It does appear that Mr. Hoffman was advised of the maximum terms associated with each count, including those counts which had ranges of punishment from five years to life. Though his counsel indicated to him that the prosecutor thought that the least amount of time would be twenty years, that is far short of a promise.

We agree with the magistrate judge that Mr. Hoffman has failed to show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), Williams v. Taylor, 529 U.S. 362, 412-413 (2000), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). In addition, "a determination of a factual issue made by a State court shall be presumed correct," and Mr. Hoffman has not rebutted that presumption insofar as the historical facts concerning the plea proceeding, implicitly found by the Oklahoma courts.

Mr. Hoffman also raises a claim of ineffective assistance of counsel, pointing to his defense counsel's (1) failure to explain the consequences of a blind plea, (2) failure to explain the potential sentence, (3) waiver of Mr. Hoffman's right to a transcript; (4) continuation of the proceedings despite counsel's knowledge of Mr. Hoffman's lack of understanding of the consequences, and (5) failure to ensure that Mr. Hoffman's hearings were conducted in a timely manner. Aplt. Br. at 8–9. These arguments fail to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), and therefore compel us to deny Mr. Hoffman's claim.

We treat ineffective assistance of counsel claims as mixed questions of law and fact and review them de novo. Smith v. Gibson, 197 F.3d 454, 461 (10th Cir. 1999). As noted by the district court, the record indicates that Mr. Hoffman personally filled out the SOF, Aplt. App. at 337, and we conclude that the form was sufficient to communicate to Mr. Hoffman the consequences of his guilty plea. Id. at 191. As discussed above, a transcript of a guilty plea proceeding does not carry the constitutional weight necessary to find that counsel's waiver of the right to a court reporter results automatically in a finding of deficient performance. Finally, Mr. Hoffman's brief fails to provide any way in which defense counsel could have expedited the proceedings and also fails to establish

that any delays were attributable to deficient performance on the part of Mr. Hoffman's defense counsel.

Even assuming deficient performance on the part of Mr. Hoffman's counsel, the evidence in the record indicates that Mr. Hoffman understood the nature and consequences of his plea, id. at 190–94 (SOF); id. at 188 (statement by trial judge that Mr. Hoffman "understood well enough to know he was subjecting himself to the possibility of a life sentence . . . ."), and therefore fails to establish the prejudice required for a successful ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 691–93 (1984). In addition, on these facts he cannot demonstrate that but for his counsel's error, he would not have pleaded guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). As the trial judge noted, Mr. Hoffman must have known that he was subjecting himself to several life terms and given the heinous nature of the crime, probably received less than what a jury would have imposed. See Okla. Stat. Ann. tit. 22, §§ 926.1, 928.1 (West. Supp. 2000); Aplt. App. at 188.

We DENY Mr. Hoffman's request for a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge