**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID McCLELLAN,

    Petitioner - Appellant,

v.

TOMMY SHARP, Warden,

    Respondent - Appellee.

No. 19-5076
(D.C. No. 4:16-CV-00322-GKF-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Oklahoma prisoner David McClellan seeks a certificate of appealability

("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 petition. We

deny a COA and dismiss the appeal.

**I**

In 2013, following the entry of a guilty plea, McClellan was convicted in

Oklahoma state court on one count of rape and two counts of forcible sodomy with a

thirteen-year-old girl. He moved to withdraw the plea, arguing it was involuntarily

given because he was not competent when he entered it. The state trial court denied

---

\* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the motion and sentenced McClellan to twelve years' imprisonment, with five years suspended. McClellan sought post-conviction relief. The trial court denied his application, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

In 2016, McClellan filed a § 2254 petition challenging the validity of his convictions. Specifically, he claimed that he received ineffective assistance of trial and appellate counsel and that his plea was involuntary. The district court denied the petition and McClellan's request for a COA. McClellan now seeks a COA from this court.

## II

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, McClellan must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). In other words, McClellan must show that the district court's dismissal of his habeas petition was "debatable or wrong." Id.

## A

McClellan first argues that he received ineffective assistance of counsel because his trial counsel failed to raise the issue of his competency at his plea hearing, and his appellate counsel failed to raise this issue on appeal. A criminal defendant is deprived of his Sixth Amendment right to the effective assistance of

2

counsel if (1) counsel's performance is deficient, and (2) the defendant is prejudiced by the performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A deficient performance involves "serious errors in light of prevailing professional norms." United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) (quotation omitted). A criminal defendant is prejudiced if there is "a reasonable probability that the outcome would have been different had those errors not occurred." Id. (quotation omitted). It is the defendant's burden to show that both elements are met. See id.

McClellan argues that his trial counsel's performance fell below professional norms because she did not raise an issue regarding his competency even though he was visibly distressed at his plea hearing. He cites no authority in support of the argument that counsel must investigate competency whenever a defendant becomes distraught at a hearing, and he cited no such authority below. Nor does McClellan contend that the outcome of his case would have been different had counsel raised a competency issue. His ineffective-assistance claim with respect to trial counsel is therefore meritless, and appellate counsel was not required to raise a meritless claim on appeal. See United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.").

Accordingly, we hold that no reasonable jurist could find debatable or wrong the district court's dismissal of McClellan's ineffective-assistance-of-counsel claims.

3

**B**

McClellan argues that the state trial court violated his due process rights by accepting his guilty plea and denying his motion to withdraw it. He relies on his assertion that he was not competent during the plea proceedings. In denying McClellan's motion, the state court rejected this argument, reasoning:

> [T]his case has been set six times in the past. . . . I gave you hours to be in here. When you were upset and didn't know what you wanted to do, sir, I said, "No problem. You go talk to your loved ones and you guys make a choice." And then when you came back, I was—you did ask for more time and I said no, because I had given you plenty of time at that point, not to even mention the time before that you had to make this consideration on what you wanted to do. You're a grown man. I know it was a difficult decision for you and it's an emotional decision. I have taken those things into consideration [in denying the motion to withdraw]."

The OCCA affirmed that McClellan was competent to enter a guilty plea, stating that although he "was faced with a series of uncomfortable choices, . . . [a] choice among bad outcomes is still a choice."

After reviewing the record, the district court concluded that McClellan's plea was knowing and voluntary. It cited McClellan's plea worksheet, on which he represented that he (1) was 32 years old and had completed two years of college, (2) understood the charges and penalties against him, (3) had not been treated for mental illness and was not taking any medications at the time of the plea, (4) understood he was waiving his rights to contest the charges against him or appeal, and (5) received adequate advice from counsel. McClellan reiterated these representations before the state trial court and confirmed his plea. These representations provide further

4

evidence that his plea was voluntary. See Moore v. Anderson, 474 F.2d 1118, 1119 (10th Cir. 1973) (considering written questions and answers as part of voluntariness inquiry).

McClellan does not address the district court's conclusions. Instead, he merely asserts that his "demeanor exhibited a lack of competence" and that he asserted his innocence before ultimately entering a guilty plea. He relies solely on Dusky v. United States, 362 U.S. 402 (1960) (per curiam), in which the Court held that a district court judge must ensure a criminal defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." Id. at 402. But Dusky involved "doubts and ambiguities" about psychiatric testimony, id. at 403, which are not present here.

Moreover, McClellan does not challenge the district court's findings that trial counsel met with him several times to prepare for trial—during which she presumably discussed his charges and defenses—and spent nearly three hours with him on the day of the plea hearing. He has failed to show that the OCCA's denial of his due process claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

On this record, we hold that no reasonable jurist could find debatable or wrong the district court's dismissal of McClellan's claim that his plea was involuntary. His

5

distress in choosing between two "bad outcomes" does not mean he was incompetent to enter a plea.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge