JOURNAL ENTRY AND OPINION
Defendant-appellant Troy McIntosh (d.o.b. October 13, 1970) appeals on a delayed basis on the accelerated docket from his guilty plea and sentence to one count of attempted burglary in violation of R.C. 2911.12
and 2923.02.[1] For the reasons adduced below, we affirm in part, and modify and remand in part the conviction and sentencing orders so as to reflect the proper offense for which appellant pled guilty.
A review of the record on appeal indicates that on September 3, 1995, at approximately 10:30 p.m., appellant removed a bedroom window screen at his neighbor's home with the aid of a garden tool, and forced his bare right hand through the shattered window pane. Having sustained a laceration to his hand, appellant then left the neighbor's property and returned to his own home nearby, entering therein through a basement window.
Appellant was arrested by the police later that evening and transported to the hospital for medical attention to his injured hand.
Appellant gave written and oral statements to the police.
Appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11. He entered a plea of not guilty at his arraignment.
Appellant entered a guilty plea to one count of attempted burglary on November 6, 1995, and was sentenced on December 4, 1995 to a term of 4 to 10 years, a fine of $2,000, restitution of $250, plus court costs. The sentence was suspended and appellant was placed on 2 years of probation, with the condition that he receive alcohol counseling. See Journal Vol. 1447, page 931.
In April of 1996 appellant violated his probation. The court terminated probation on June 13, 1996, approximately six months into the original probation term, and ordered into execution the original term of imprisonment. On July 16, 1996, the trial court entertained a motion for reconsideration of sentence and, rather than execute the original sentence of imprisonment, placed appellant on 18 months of probation with the condition of mandatory alcohol and narcotics counseling.
Approximately two months after the reinstatement of his probation, appellant violated his probation a second time by failing to report to his probation officer. The court issued a capias on January 8, 1997, for appellant's return.
The capias was returned in March of 2001. On May 10, 2001, appellant filed a motion to reinstate his probation. Subsequent to a hearing in open court with counsel present, the court adjudicated appellant to be a probation violator on May 16, 2001, terminated probation, and ordered the original 4 to 10 year term of imprisonment into effect.
On December 18, 2001, appellant filed a motion for shock probation pursuant to R.C. 2947.061(B). The state filed a brief in opposition to the motion for shock probation on December 24, 2001. The trial court denied the motion for shock probation on March 1, 2002.
Appellant filed his delayed appeal on March 21, 2002, from the December 4, 1995 sentencing order.
Appellant presents three assignments of error for review.
The first assignment of error argues that the trial court sentenced him under the incorrect statute, namely attempted aggravated burglary in violation of R.C. 2911.11 and 2923.02, which carries a greater penalty range than that provided for attempted burglary under R.C. 2911.12 and2923.02.
We find that appellant's argument is partially correct. While the plea and sentencing hearing transcripts clearly reflect that appellant had pled guilty to attempted burglary, the sentencing order of December 4, 1995 states that his plea of guilty was to attempted aggravated burglary. This misidentification of the offense for which appellant was being sentenced is an obvious clerical error by the trial court.
Despite this misidentification, the range of imprisonment imposed by the court, namely 4 to 10 years, is within the term available under the pre-Senate Bill 2 version of the third degree felony offense of attempted burglary.[2]
The first assignment of error is affirmed in part and overruled in part.
The second assignment of error argues that there is no factual predicate to support a charge of aggravated burglary, burglary or attempted burglary. Appellant's brief at 6. Thus, absent this factual basis for the elements of the offense provided by the court on the record, appellant argues that the court erred in accepting his guilty plea.
The second assignment is without merit since Crim.R. 11 does not require the trial court to make a factual determination before accepting a guilty plea. State v. Ricks (1976), 48 Ohio App.2d 728, 356 N.E.2d 312, paragraph one of the syllabus, followed by State v. Hurney (Jul. 31, 1997), Cuyahoga App. No. 71053, and State v. Hallis (May 7, 1998), Cuyahoga App. No. 72589; see, also, State v. Post (1987),32 Ohio St.3d 380, 386-387, 513 N.E.2d 754.
Without this factual determination by the trial court at the time of the guilty plea, the record nonetheless supports a violation for attempted burglary under the pre-Senate Bill 2 version of 2911.12(A)(3), which required a Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present. The record demonstrates that appellant committed a trespass by knowingly entering onto his neighbor's property without privilege to do so on the night of the offense, remove a window screen and broke the window of the permanent habitation of those neighbors thereby attempting to trespass into the neighbor's actual home, and did so at such a time of night when people were likely to be present in the home.
The second assignment of error is overruled.
The third, and final, assignment of error argues ineffective assistance of trial counsel in not asking for a bill of particulars, not filing a request for discovery, and not making an effort to introduce clearly exculpatory evidence. See appellant's brief at 12. The allegedly exculpatory evidence consists of the appellant's written statement to the police, the police report, and the affidavit of his neighbor, Lula Smith, in which she indicated that it was her belief that appellant did not intend to commit any crime when he broke the window.[3]
In order to succeed on a claim of ineffective assistance of trial counsel, one must demonstrate (1) that counsel's performance was deficient, and (2) that such deficient performance prejudiced the defendant. Strickland v. Washington (1984), 466 U.S. 668.
As for the lack of formal discovery filings pursuant to Crim.R. 16, such does not constitute a per se violation of reasonable representation. See State v. Wilson (Oct. 22, 1992), Cuyahoga App. No. 61199. The alleged exculpatory evidence identified by the appellant is, in reality, not truly exculpatory since these written materials tend to prove the elements of pre-Senate Bill 2 attempted burglary. That additional formal discovery would have identified exculpatory evidence is idle speculation and any inference of prejudice is likewise speculative and unwarranted in this case. Wilson, supra. Furthermore, given the overwhelming evidence of guilt in the record (in particular appellant's statements to the police, Lula Smith's affidavit, and the written police report) supporting the elements of the offense of attempted burglary, it is difficult to conceive that any exculpatory evidence was available to be found by counsel.
Accordingly, appellant has failed to demonstrate both of the two prongs of the Strickland test for ineffective assistance of counsel.
The third assignment of error is overruled.
Judgment affirmed in part, and modified and remanded in part to correct the conviction and sentencing orders so as to reflect the proper offense (attempted burglary, not attempted aggravated burglary) to which appellant pled guilty. The trial court is hereby ordered to correct the clerical error in the conviction and sentencing orders to reflect the proper offense, to-wit, attempted burglary.
This cause is affirmed in part and modified and remanded in part.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant(s) and appellee(s) each pay one-half of the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
[2] The pre-Senate Bill 2 version of R.C. 2929.11(B)(3)(a) provides that a felony of the third degree receive a term of imprisonment of two, three, four, or five years and the maximum term shall be ten years.
[3] Copies of this evidence are attached to appellant's brief, and were previously attached as exhibits to appellant's motion for shock probation.